## LEATHERMAN ET AL. v. TARRANT COUNTY NAR-COTICS INTELLIGENCE AND COORDINATION UNIT ET AL.

No. 91–1657.   Argued January 12, 1993—Decided March 3, 1993

REHNQUIST, C. J., delivered the opinion for a unanimous Court.

*Richard Gladden* argued the cause *pro hac vice* for petitioners. With him on the briefs was *Don Gladden.*

*Brett A. Ringle* argued the cause for respondents. With him on the brief for respondents Tarrant County Narcotics Intelligence and Coordination Unit et al. was *Dixon W. Holman. Kevin J. Keith* filed a brief for respondent City of Grapevine, Texas, and *Tim G. Sralla* and *Wayne K. Olson* filed a brief for respondent City of Lake Worth, Texas.*

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

We granted certiorari to decide whether a federal court may apply a "heightened pleading standard"—more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure—in civil rights cases alleging municipal liability under Rev. Stat. § 1979, 42 U. S. C. § 1983. We hold it may not.

We review here a decision granting a motion to dismiss, and therefore must accept as true all the factual allegations in the complaint. See *United States* v. *Gaubert,* 499 U. S. 315, 327 (1991). This action arose out of two separate incidents involving the execution of search warrants by local law

---

*Briefs of *amici curiae* urging affirmance were filed for the State of Texas et al. by *Dan Morales,* Attorney General, *Will Pryor,* First Assistant Attorney General, *Mary F. Keller,* Deputy Attorney General, *Adrian L. Young, Michael P. Hodge, Sharon Felfe,* and *Ann Kraatz,* Assistant Attorneys General, and for the Attorneys General for their respective States as follows: *Jimmy Evans* of Alabama, *Charles E. Cole* of Alaska, *Winston Bryant* of Arkansas, *Daniel E. Lungren* of California, *Robert A. Marks* of Hawaii, *Robert T. Stephan* of Kansas, *Nicholas J. Spaeth* of North Dakota, *Ernest D. Preate, Jr.,* of Pennsylvania, *James E. O'Neil* of Rhode Island, *T. Travis Medlock* of South Carolina, *Mark Barnett* of South Dakota, *Paul Van Dam* of Utah, *Jeffrey L. Amestoy* of Vermont, *Mary Sue Terry* of Virginia, *Mario J. Palumbo* of West Virginia, *James E. Doyle* of Wisconsin, and *Joseph B. Meyer* of Wyoming; for the City of College Station, Texas, by *Catherine Locke;* for the National Institute of Municipal Law Officers et al. by *Richard Ruda;* and for the Texas Municipal League et al. by *Susan M. Horton.*

enforcement officers.. Each involved the forcible entry into a home based on the detection of odors associated with the manufacture of narcotics. One homeowner claimed that he was assaulted by the officers after they had entered; another claimed that the police had entered her home in her absence and killed her two dogs. Plaintiffs sued several local officials in their official capacity and the county and two municipal corporations that employed the police officers involved in the incidents, asserting that the police conduct had violated the Fourth Amendment to the United States Constitution. The stated basis for municipal liability under *Monell* v. *New York City Dept. of Social Services,* 436 U. S. 658 (1978), was the failure of these bodies to adequately train the police officers involved. See *Canton* v. *Harris,* 489 U. S. 378 (1989).

The United States District Court for the Northern District of Texas ordered the complaints dismissed because they failed to meet the "heightened pleading standard" required by the decisional law of the Court of Appeals for the Fifth Circuit. 755 F. Supp. 726 (1991). The Fifth Circuit, in turn, affirmed the judgment of dismissal, 954 F. 2d 1054 (1992), and we granted certiorari, 505 U. S. 1203 (1992), to resolve a conflict among the Courts of Appeals concerning the applicability of a heightened pleading standard to § 1983 actions alleging municipal liability. Cf., *e. g., Karim-Panahi* v. *Los Angeles Police Dept.,* 839 F. 2d 621, 624 (CA9 1988) ("[A] claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice") (internal quotation marks omitted). We now reverse.

Respondents seek to defend the Fifth Circuit's application of a more rigorous pleading standard on two grounds.*

---

*Respondents also argue that certain claims are barred by collateral estoppel. According to respondents, petitioners brought an unsuccessful civil rights action against two of the police officers who allegedly were involved in one of the incidents. Petitioners respond that the adverse

First, respondents claim that municipalities' freedom from *respondeat superior* liability, see *Monell, supra,* necessarily includes immunity from suit. In this sense, respondents assert, municipalities are no different from state or local officials sued in their individual capacity. Respondents reason that a more relaxed pleading requirement would subject municipalities to expensive and time-consuming discovery in every § 1983 case, eviscerating their immunity from suit and disrupting municipal functions.

This argument wrongly equates freedom from liability with immunity from suit. To be sure, we reaffirmed in *Monell* that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U. S., at 691. But, contrary to respondents' assertions, this protection against liability does not encompass immunity from suit. Indeed, this argument is flatly contradicted by *Monell* and our later decisions involving municipal liability under § 1983. In *Monell,* we overruled *Monroe* v. *Pape,* 365 U. S. 167 (1961), insofar as it held that local governments were wholly immune from suit under § 1983, though we did reserve decision on whether municipalities are entitled to some form of limited immunity. 436 U. S., at 701. Yet, when we took that issue up again in *Owen* v. *City of Independence,* 445 U. S. 622, 650 (1980), we rejected a claim that municipalities should be afforded qualified immunity, much like that afforded individual officials, based on the good faith of their agents. These decisions make it quite clear that, unlike various government officials, municipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983. In short, a municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury. We thus have no occasion to con-

ruling in this other litigation is currently on appeal and thus is not final for collateral estoppel purposes. Because this issue was neither addressed by the Fifth Circuit nor included in the questions presented, we will not consider it.

sider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials.

Second, respondents contend that the Fifth Circuit's heightened pleading standard is not really that at all. See Brief for Respondents Tarrant County Narcotics Intelligence and Coordination Unit et al. 9–10 ("[T]he Fifth Circuit's so-called 'heightened' pleading requirement is a misnomer"). According to respondents, the degree of factual specificity required of a complaint by the Federal Rules of Civil Procedure varies according to the complexity of the underlying substantive law. To establish municipal liability under § 1983, respondents argue, a plaintiff must do more than plead a single instance of misconduct. This requirement, respondents insist, is consistent with a plaintiff's Rule 11 obligation to make a reasonable prefiling inquiry into the facts.

But examination of the Fifth Circuit's decision in this case makes it quite evident that the "heightened pleading standard" is just what it purports to be: a more demanding rule for pleading a complaint under § 1983 than for pleading other kinds of claims for relief. See 954 F. 2d, at 1057–1058. This rule was adopted by the Fifth Circuit in *Elliott* v. *Perez*, 751 F. 2d 1472 (1985), and described in this language:

> "In cases against governmental officials involving the likely defense of immunity we require of trial judges that they demand that the plaintiff's complaints state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Id.*, at 1473.

In later cases, the Fifth Circuit extended this rule to complaints against municipal corporations asserting liability under § 1983. See, *e. g.*, *Palmer* v. *San Antonio*, 810 F. 2d 514 (1987).

We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley* v. *Gibson*, 355 U. S. 41 (1957), we said in effect that the Rule meant what it said:

> "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*, at 47 (footnote omitted).

Rule 9(b) does impose a particularity requirement in two specific instances. It provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983. *Expressio unius est exclusio alterius.*

The phenomenon of litigation against municipal corporations based on claimed constitutional violations by their employees dates from our decision in *Monell, supra,* where we for the first time construed § 1983 to allow such municipal liability. Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b). But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discov-

ery to weed out unmeritorious claims sooner rather than later.

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*