HI–TEC PLASTICS, INC., a Colorado
corporation, Plaintiff,

v.

AMI, INC., a Georgia corporation,
Defendant and Counterclaim
Plaintiff,

v.

Louis HARD, Counterclaim Defendant.

Civ. A. No. 93–K–1903.

United States District Court,
D. Colorado.

May 25, 1995.

Stephen J. Hensen, Denver, CO, for plaintiff and Louis Hard.

Michael J. Mommermuth, McGloin, Davenport, Severson & Snow, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Before me is the motion in limine of Defendant and Counter Claim Plaintiff, AMI, Inc. for an order precluding Plaintiff, Hi–Tec Plastics, Inc. from pursuing a claim of alleged lost profits for breach of an April 1992 document.

AMI filed the motion on September 1, 1994. Hi–Tec filed a brief in opposition on September 27, 1994. The case is set for trial on October 30, 1995.

On May 17, 1995, counsel for AMI addressed a letter to me requesting a ruling on the motion before trial and stated that AMI had, in its motion in limine, "requested permission to pursue discovery on the issue of future profits in the event the Court rules against AMI." The motion in fact states: "AMI requests the court resolve this dispute in advance of trial as it will seek leave to pursue discovery on this claim if the Court should rule that Hi–Tec has pled and otherwise pursued the claim." (Mot. in Limine ¶ 11.)

I deny the motion in limine. Since AMI did not seek permission to pursue discovery on the issue of future profits in the motion, the question of such further discovery is not before me at this time.

### I. *Parties' Contentions.*

In its motion in limine, AMI argues Hi–Tec is belatedly attempting to amend the pleadings in the pretrial order by seeking to make a claim for lost profits for breach of the April 1992 agreement.

AMI asserts Hi–Tec's complaint alleged the existence of an April 1992 document, pursuant to which "the parties agreed to set up an exclusive supplier-customer relationship wherein Hi–Tec would manufacture and AMI would purchase certain quantities of ZIP as ordered by AMI." (Compl. ¶ 6.) AMI points out the complaint alleges AMI executed the document but does not allege Hi–Tec executed it. *See id.* AMI answered paragraph 6 of the complaint admitting the existence of the document but denying Hi–Tec executed it. (Answer ¶ 6.)

AMI further asserts Hi–Tec only alleged a breach of the April 1992 document with respect to product manufactured by Hi–Tec. AMI maintains, by not alleging a breach with respect to product never manufactured, Hi–Tec did not state a claim of damages for future profits.

AMI points out the scheduling order, executed by the parties and approved by the court, includes a stipulation that Hi–Tec never executed the April 1992 agreement. (Rev.Sched.Order ¶ 8.) In the scheduling order, Hi–Tec claimed damages for breach of the April 1992 agreement and a later April 1993 agreement "plus incidental and consequential damages and expenses for transportation, care and custody of the goods." (*Id.* § IV.) AMI maintains Hi–Tec's statement of damages conspicuously omitted any claim for damages for lost profits.

AMI states from May 1994, counsel for Hi–Tec stated on a number of occasions he believed Hi–Tec had pled a claim for damages for future profits under the April 1992 document. However, "[c]ounsel for AMI has, in reliance on the pleadings and the Revised Scheduling Order in this case, steadfastly insisted the [sic] Hi–Tec pled no such claim." (Mot. in Limine ¶ 6.) Accordingly, "AMI never conducted any discovery on Hi–Tec's alleged claim of lost profits." (*Id.*)

Hi–Tec opposes the motion in limine, asserting it is clear from the plain language of the complaint that Hi–Tec pled a claim for breach of the April 1992 agreement. Hi–Tec cites paragraph 6 of the complaint which states pursuant to the April 1992 agreement "the parties agreed to set up an exclusive supplier-customer relationship wherein Hi–Tec would manufacture and AMI would purchase certain quantities of ZIP as ordered by AMI." (Compl. ¶ 6.) It also cites paragraph 12 of the complaint which provides: "AMI is in breach of the April 1992 Agreement and various purchase orders submitted thereunder by failing and refusing to pay for ZIP manufactured by Hi–Tec." (*Id.* ¶ 12.)

Hi–Tec explains at the time the scheduling order was prepared, it could not locate an executed copy of the April 1992 agreement, that in the course of discovery it located such copy, and testimony is uncontradicted that both AMI and Hi–Tec executed the agreement. Hi–Tec states the scheduling order is incorrect and the pretrial order correctly reflects both parties executed the contract.

Hi–Tec maintains it has made a claim for breach of the April 1992 agreement and, further, it has made a claim for damages incurred as a direct result of such breach. Hi–Tec notes the complaint alleges Hi–Tec has been damaged "in an amount to be proven at trial, including, but not limited to, $235,000 for the price of ZIP manufactured by Hi–Tec and accepted by AMI; $68,000 for the price of ZIP manufactured by Hi–Tec for AMI at AMI's request; for Hi–Tec's incidental and consequential damages; and for Hi–Tec's expenses for the transportation, care and custody of the goods." (Compl. ¶ 13.) Further, the scheduling order reflects Hi–Tec was seeking "$303,000 as damages for breach of the Zip contracts, plus incidental and consequential damages and expenses for transportation, care and custody of the goods." (Rev.Sched.Ord. § IV.) Hi–Tec states at the time of the scheduling order virtually no discovery had been conducted and Hi–Tec could not quantify its claim for lost profits.

Hi–Tec asserts the basis for its claim for lost profits is Colo.Rev.Stat. § 4–2–708(2) which was created for those instances when the resale of the product by the seller leaves the non-breaching party (in this case, allegedly Hi–Tec) in a worse situation than it would have been had the contract been fully performed. That section of the Colorado Commercial Code provides: "the measure of damage is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages . . . ." Colo.Rev. Stat. § 4–2–708(2).

## II. *Determination.*

The Federal Rules of Civil Procedure provide "[a] pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8. "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required." *Id.* 8(e)(1). "All pleadings shall be so construed as to do substantial justice." *Id.* 8(f).

The complaint alleges the existence of the April 1992 agreement in terms whereof Hi–Tec would manufacture and AMI would pur-

776

chase certain quantities of a plastic resealable strip known as "ZIP" as ordered by AMI. The complaint asserts Hi–Tec was claiming damages, including incidental and consequential damages, as a result of AMI's alleged breach of the agreement by failing to accept several million feet of ZIP manufactured by Hi–Tec for AMI.

As explained by Hi–Tec in its response to the motion in limine, its claim for lost profits for breach of the April 1992 agreement is for those profits it would have made had AMI not breached that agreement. Such claim by a seller for damages for non-acceptance is contemplated by the Colorado Commercial Code, Colo.Rev.Stat. § 4–2–708(2).

Applying the liberal pleading standard, the complaint put AMI on notice that Hi–Tec was making a claim for breach of the April 1992 agreement and damages incurred as a direct result of such breach. Hi–Tec's claim for lost profits, if proved, would fall within such claimed damages. Accordingly, I deny the motion in limine seeking to preclude Hi–Tec from pursuing a claim of alleged lost profits for breach of the April 1992 agreement.

The reasons for requiring pleading with particularity are ample and persuasive. Even so, we must function under the rules as they exist and not as we wish them to be. *See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

Whether additional discovery will be permitted and, if so, under what conditions and at whose expense, are matters which should be addressed to Magistrate Judge Pringle.

*ORDER:* Defendant's motion in limine to preclude Plaintiff's claim for future profits is DENIED.