97 F.3d 593
 321 U.S.App.D.C. 136
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Leonard Rollon CRAWFORD-EL, Appellant,
v.
Patricia BRITTON, and The District of Columbia, Appellees.
 No. 94-7203.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 28, 1996.
 
 Before: EDWARDS, Chief Judge, WALD and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 it is ORDERED, on the Court's own motion, that, for the reasons stated in the accompanying memorandum opinion, it is
 
 
 2
 ORDERED and ADJUDGED that the case is remanded to the District Court for further proceedings.
 
 ATTACHMENT
 MEMORANDUM
 
 3
 Although the en banc court has now disposed of the First Amendment retaliation claim brought against defendant Britton, Crawford-El v. Britton, No. 904-7203 (D.C.Cir. August 27, 1996) (en banc), we remand to the District Court for further consideration of defendants' motions to dismiss the claim against the District of Columbia and the common-law conversion claim.
 
 
 4
 Although the District Court originally dismissed the claims against the District, the District was named as a defendant in subsequent amended complaints, and the District never objected. See Crawford-El v. Britton, Civ.Action No. 89-3076, slip op. at 1 n. 1 (D.D.C. Feb. 15, 1994), reprinted in App. 34. Moreover, the District has never disputed its joinder as a defendant in any proceedings before this court. Thus, we agree with the determination of the trial judge that the District of Columbia remains a party in this case.
 
 
 5
 Further, the claims against the District were not before the en banc court, which addressed only the issues of the proper pleading and evidentiary burdens in cases against government officials who assert qualified immunity. The District of Columbia is a municipality, and it is undisputed that "municipalities do not enjoy immunity from suit--either absolute or qualified--under § 1983." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993). Thus, the decision of the en banc court does not dispose of the claim against the District.
 
 
 6
 The District Court dismissed the claims against the District, reasoning that, "[b]ecause Crawford-El has not shown that Britton committed any constitutional violations, the District cannot be held liable for her acts." Crawford-El v. Britton, 844 F.Supp. 795, 807 n. 16 (D.D.C.1994). However, this analysis incorrectly ties together the potential liability of Britton and the District. Contrary to the District Court's suggestion, the claim against the District does not rise or fall with the resolution of the claim against Britton. Because the District is not entitled to qualified immunity, the claim against the city must be analyzed under a different standard.
 
 
 7
 It is well-settled that, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury ... the government as an entity is responsible under § 1983." Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Moreover, the Supreme Court has made it clear that a federal court may not apply any form of heightened pleading standard in civil rights cases alleging municipal liability. Leatherman, 507 U.S. at 164. Thus, Crawford-El's claims against the District must be evaluated according to the usual standard used in ruling on defense motions to dismiss.
 
 
 8
 As a result, the fact that Crawford-El's claims against Britton herself do not survive the heightened evidentiary burden imposed by the en banc court does not determine whether or not his claim against the District can proceed. We therefore remand so that the District Court can decide if Crawford-El has alleged sufficient facts to survive a motion to dismiss on the question of whether a municipal policy or custom caused a constitutional violation. The District Court then must determine whether or not to exercise jurisdiction over the pendent common-law conversion claim.
 
 
 9
 So ordered.