Moser v. Anderson                    CV-93-634-B    11/25/96

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Pamela L. Moser, et al.

  v.                                              Civil No. 93-634-B

Carole A. Anderson, Administrator
Merrimack County House of
Corrections, et al.


**O R D E R**

Defendant Strafford County moves for summary judgment in plaintiffs' civil rights action alleging violations of the constitutional rights of detainees who were strip searched at the Strafford County House of Corrections. Strafford's strip-search policy, which began in 1982 and continued at least until October 1993, required strip searches "on all inmates at admission" to the county jail. Strafford asserts that its strip-search policy and the strip searches it conducted were not unconstitutional.

Another judge of this court has previously determined that Strafford's policy of strip searching protective custody detainees without reasonable individualized suspicion of finding weapons or contraband was unconstitutional. Kidd v. Gowen, 829 F. Supp. 16, 19 (D.N.H. 1993).[1] Most, if not all, jurisdictions

_____

[1] Kidd v. Gowen appears to be dispositive of Strafford's argument that its strip search policy passes constitutional muster. However, to the extent that Kidd might be interpreted narrowly to apply only to a policy set by a directive that has not been raised in this action and not to strip searches that have occurred under a different policy or practice, I now address generally Strafford's policies or practices of strip searching arrestees or detainees held for minor offenses without reasonable individualized suspicion that they might be carrying weapons or contraband.

that have considered the constitutionality of strip searches have determined that strip searches of arrestees or detainees held for minor offenses and without reasonable suspicion that the individual is carrying weapons or contraband are unconstitutional.  See, e.g., Wachtler v. County of Herkimer, 35 F.3d 77, 81 (2d Cir. 1994); Chapman v. Nichols, 989 F.2d 393, 395 (10th Cir. 1993) (collecting cases), accord Warner v. Grand County, 57 F.3d 962, 964 (10th Cir. 1995); Watt v. City of Richardson Police Dept., 849 F.2d 195, 197 (5th Cir. 1988) (collecting cases); Giles v. Ackerman, 746 F.2d 614, 617 (9th Cir. 1984), cert. denied, 105 S. Ct. 2114 (1985), accord Fuller v. M.G. Jewelry, 950 F.2d 1437, 1447 (9th Cir. 1991) (collecting cases); Wood v. Clemons, 89 F.3d 922, 929 (1st Cir. 1996)(applying reasonable individualized suspicion standard to strip searches of prison visitors); United States v. Uricoechea-Casallas, 946 F.2d 162, 166 (1st Cir. 1991) (applying same standard to border searches). I am persuaded that these decisions are correct.  Therefore, I hold that strip searches of protective custody detainees or arrestees for minor offenses without reasonable individualized suspicion that they may be carrying weapons or contraband are unconstitutional.

Strafford argues that the strip searches conducted under its policy are constitutional because the county relied on a manual prepared pursuant to a grant from the United States Department of Justice.[2]  Even if the manual represented the Justice Depart-

---

[2]  Robert LeClair states in his affidavit that he drafted Strafford's strip-search policy in 1982 based on the "Small Jail

ment's interpretation of constitutionally adequate procedures, it would not be entitled to deference nor would adherence to the manual make the county's policy constitutional. See, e.g., Dillard v. City of Greensboro, 74 F.3d 230, 235-36 (11th Cir. 1996) (citing and quoting Miller v. Johnson, 115 S. Ct. 2475, 2491 (1995) ("we think it inappropriate for a court engaged in constitutional scrutiny to accord deference to the Justice Department's interpretation of the [Voting Rights] Act")); Kilgore v. Mitchell, 623 F.2d 631, 635 (9th Cir. 1980) (reliance on erroneous Justice Department policy interpreting wiretap statute  may provide a basis for qualified immunity but does not make the practice legal).[3]  Therefore, Strafford's argument is unavailing.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment (document no. 70) is denied.

---

Resource Manual, published by Rod Miller and Ralph Nichols of Community Resource Services, Inc." LeClair further states that he understood that Community Resource Services received a grant from the Justice Department and the National Institute of Corrections to write the manual. Strafford provides no further evidence that the manual expressed the Justice Department's policy or interpretation of the legality of strip searches.

[3]  I do not decide the viability of a qualified immunity defense based on a "good faith" reliance on the manual as qualified immunity is not available to a municipality or a county and only Strafford has moved for summary judgment. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993).

SO ORDERED.


_____
Paul Barbadoro
United States District Judge


November 25, 1996

cc:   James P. Loring, Esq.
      Bruce E. Barron, Esq.
      Dort S. Bigg, Esq.
      William G. Scott, Esq.
      Donald E. Gardner, Esq.