103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel TORRES, Plaintiff-Appellant,
v.
H. BONILLA; S.M. Shenian, Defendants-Appellees.
 No. 95-55875.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Dec. 09, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff appeals from an order dismissing his complaint in which he alleges a violation of 42 U.S.C. § 1983 on the basis of injuries suffered in a collision that resulted from a high-speed chase of a motorist by California Highway Patrol officers. While the district court granted defendants' Federal Rule of Civil Procedure 12(b)(6) motion without leave to amend, it permitted plaintiff to move for leave to file an amended complaint. Plaintiff chose not to seek leave and instead appealed. We review the dismissal under Rule 12(b)(6) for failure to state a claim de novo. Oscar v. University Students Co-operative Ass'n., 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 506 U.S. 1020 (1992).
 
 
 4
 Plaintiff alleges that the defendant officers initiated a vehicular chase of a vehicle traveling about 45 miles per hour on the 101 Freeway in the early morning hours when it was still dark and while there was traffic on the freeway. The vehicle was said to be weaving within the lane in which it was traveling. When it failed to stop for the officers' red light and siren, the officers pursued, reaching speeds of 130 miles per hour while following within 100 yards of the vehicle.
 
 
 5
 Defendants argue that there was no "state action" because it was the action of the fleeing motorist that caused plaintiff's injuries and that the defendants, in attempting to make a traffic stop, did not "cause" the driver to flee at high speed. These arguments miss the point, which is whether plaintiff has alleged sufficient facts to state a claim that the officers, by engaging in a high-speed chase, were deliberately indifferent to public safety. Similarly, plaintiff confuses the issue by citing two FTCA cases involving negligence claims. Cimo v. INS, 16 F.3d 1039 (9th Cir.1994); Stuart v. United States, 23 F.3d 1483 (9th Cir.), cert. denied, 115 S.Ct. 357 (1994). Deliberate indifference is more than negligence. See Wood v. Ostrander, 879 F.2d 583, 588 (9th Cir.1989), cert. denied, 498 U.S. 938 (1990).
 
 
 6
 The question is whether, under the allegations of the complaint, plaintiff could prove a set of facts which would entitle him to relief. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993); Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 506 U.S. 999 (1992). In Lewis v. Sacramento County, No. 93-15924, 1996 WL 577835 (9th Cir. Oct. 9, 1996), this court reversed a summary judgment on a deliberate-indifference claim against defendant officers who had engaged in a chase at speeds of up to 100 miles per hour over streets with speed limits as low as 30 miles per hour, through four stop lights and three 90? turns, and in apparent violation of Sheriff's Department regulations.
 
 
 7
 Given the allegations of the complaint--that the chase took place on a Los Angeles freeway at up to 130 miles per hour with the officers following within 100 yards of the vehicle--it cannot be said that plaintiff can prove no set of facts entitling him to relief. Whether plaintiff's case can survive a motion for summary judgment on qualified immunity or other grounds is not before us.
 
 
 8
 The judgment is REVERSED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3