RICHARD S. ARNOLD, Circuit Judge,
concurring in part and dissenting in part.
As to the defendant Cecil Whittaker’s, Inc., I agree entirely with the Court, and I join Part I of the Court’s opinion. Cecil Whittaker’s, Inc., was only a franchisor. It did not own, lease, or operate the place of business in question. Accordingly, it cannot be liable under the Americans with Disabilities Act.
As to the claim against the Board of Police Commissioners, however, I respectfully dissent. Special Orders, issued by the Chief of Police of the City of St. Louis, are contained in a booklet called the St. Louis Police Manual. This booklet is distributed to police officers and is intended to govern their conduct. The Board does not contend that it did not know about the booklet. The Chief of Police is the executive and administrative head of the Police Department. To say that a Special Order issued by the Chief in written and published form is not a policy of the Police Department seems untenable to me. All policy-making power does not have to reside in *1040 the Board. The Board is allowing the Chief, at least in practice, to make policy.
But what about the content of the policy? As the lead opinion says, the Special Order speaks only of violations of the Revised Code of the City of St. Louis. It says nothing about the Missouri Human Rights Act. But witnesses for the Board, as the lead opinion acknowledges, took the position that the Special Order did apply to violations of the statute having to do with the admission of disabled persons to places of public accommodation. It seems to me that this testimony, coming from witnesses who should know what they are talking about, is sufficient, at least for purposes of summary judgment, to establish that the Board had a policy of the sort of which the plaintiff complains. Or, if there was no policy, at least there was a custom, and municipal agencies are liable if either a policy or a custom causes an injury. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163-166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Whatever the Special Order says on its face, however we choose to construe it as a legal document, the fact remains that it was applied in practice as though it affected enforcement of the state statute, and not merely of the City Code.
Such a policy, which denies to disabled citizens a state-law right, and withholds from them, in that respect, law-enforcement services available to citizens generally, is inimical to the letter and spirit of federal law. Therefore, with respect to the ADA claim against the Board of Police Commissioners, I respectfully dissent.