**F I L E D**

**UNITED STATES COURT OF APPEALS**

**APR 22 1999**

**TENTH CIRCUIT**

GEORGE ALLEN WILLIAMS,

    Plaintiff-Appellant,

v.

CITY OF COLORADO SPRINGS;
BOARD OF COUNTY
COMMISSIONERS OF EL PASO
COUNTY, COLORADO; and
FOURTH JUDICIAL DISTRICT OF
COLORADO,

    Defendants-Appellees.

No. 98-1417
(D.C. No. 98-D-1626)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

George Allen Williams brought a § 1983 action against the City of

Colorado Springs, the Board of County Commissioners of the County of El Paso,

and the Fourth Judicial District of the State of Colorado, alleging these

_____

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

government entities violated his constitutional rights through a series of arrests and state criminal proceedings. The district court found that the complaint was vague and prolix, and that it "fail[ed] to set forth a short and plain statement of [Williams'] claim for relief," in violation of Fed. R. Civ. P. 8(a) & (e)(1).[1] The district court ordered Williams to file an amended complaint that would comply with Rule 8.

Williams filed an amended complaint, and also moved for the appointment of counsel. The district court found the amended complaint was "no clearer" than the original complaint, with claims that "appear[ed] to be almost identical to those Mr. Williams originally attempted to assert." As a result, the district court dismissed Williams' amended complaint without prejudice for failure to comply with the pleading requirements of Rule 8(a), and denied the request for counsel as moot. Williams appeals. We affirm.

As an initial matter, we note the important policy behind Rule 8's pleading requirement: to "give the defendant fair notice of what the plaintiff's claim is and

---

[1]Rule 8(a)(1) provides in pertinent part that a pleading shall contain:

(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Rule 8(e)(1) provides in pertinent part: "Each averment of a pleading shall be simple, concise, and direct."

the grounds upon which it rests." Leatherman v. Tarrant County Narcotics

Intelligence and Coord. Unit, 507 U.S. 163, 168 (1993) (citations and quotations

omitted); see also Salahuddin v. Cuomo, 861 F.2d 40, 41 (2d Cir. 1988) ("The

statement should be plain because the principal function of pleadings under the

Federal Rules is to give the adverse party fair notice of the claim asserted so as to

enable him to answer and prepare for trial. The statement should be short because

unnecessary prolixity in a pleading places an unjustified burden on the court and

the party who must respond to it because they are forced to select the relevant

material from a mass of verbiage."). After carefully reviewing Williams'

amended complaint under a liberal construction, see Hall v. Bellmon, 935 F.2d

1106, 1110 (10th Cir. 1991), we cannot say that the district court abused its

discretion in dismissing the amended complaint without prejudice under Rule 8.

See Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992) ("A

dismissal without prejudice under Rule 8 is within the sound discretion of the trial

court.").

Although the amended complaint's statement of jurisdiction and statement

of the parties are clear and concise, the rest of the amended complaint suffers

from vagueness and prolixity. For example, under the heading, "Causes of

Action," the amended complaint presents numerous charges of wrongdoing,

including allegations of several warrantless arrests in Williams' home; of

excessive bail and fines; and of the denial of Williams' free exercise of religion, personal choice in medical care, and access to the courts during incarceration. However, none of these allegations identify a policy or custom of the city or county that was the moving force behind any constitutional deprivation. Cf. Myers v. Oklahoma County Bd. of County Comm'r, 151 F.3d 1313, 1318 (10th Cir. 1998) ("[A] plaintiff suing a county under section 1983 for the actions of one of its officers must demonstrate two elements: (1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." (quoting Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978) (emphasis added))). While the "Nature of the Case" section of the amended complaint does contend that a "custom, practice, policy and procedure" of the defendants caused Williams to be "evily and wickedly arrested, incarcerated, misdemeaned, dissiezed, infamed (i.e., felonized), and else oppressed on account of private malice and public rage; diminishing process through legislative tyranny; police', sheriff', and prosecutorial excesses; And judicial excesses or deficiencies," these highly general and rhetorical statements provide little information on the specific nature of any alleged policy motivating any alleged constitutional deprivations. Thus, the amended complaint falls short of providing the City of Colorado Springs and the Board of County Commissioners of the County of El Paso with fair notice of

any claim against them.

Additionally, the amended complaint fails to indicate plainly and concisely a basis for a claim against the Fourth Judicial District entitling Williams to relief.

The district court's dismissal of Williams' amended complaint without prejudice is AFFIRMED. The district court's denial of Williams' request for a court-appointed attorney likewise is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge