EnergyNorth v. UGI Utilities          CV-00-500-B    03/26/01

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**EnergyNorth Natural Gas, Inc.**</u>

    **v.**                                      Civil No. 00-500-B
                                          Opinion No. 2001DNH069
<u>**UGI Utilities, Inc.**</u>


**O R D E R**

    UGI Utilities, Inc. has moved to dismiss EnergyNorth Natural Gas, Inc.'s claim for contribution under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), as amended, 42 U.S.C. § 9601 *et seq.*

    In <u>United States v. Bestfoods</u>, 524 U.S. 51 (1998), the Supreme Court described the circumstances under which a parent corporation may be held liable as an owner or operator under CERCLA.  There, the Court explained that a parent corporation may be held liable for the actions of a subsidiary only if the circumstances permit the court to pierce the corporate veil.  <u>See</u> <u>id.</u> at 63-64.  The Court also held that a parent corporation may be held liable for its own actions as an operator if it "manage[d], direct[ed], or conduct[ed] operations specifically related to pollution, that is, operations having to do with the

leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations." Id. at 66-67.

Bestfoods does not alter the notice pleading system established by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." A detailed statement of the facts supporting a claim ordinarily is not required in federal practice. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). When EnergyNorth's complaint is construed in its favor, it sufficiently alleges that UGI Utilities is liable under CERCLA as an operator based on its own conduct. Whether it will be able to marshal sufficient evidence to support its allegations is an issue that must be left for another day. Motion denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 26, 2001

cc:  Bruce Felmly, Esq.
     E. Tupper Kinder, Esq.