**Thomas J. BROGAN, Plaintiff,**

v.

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, a body politic and corporate, Nettlehorst Local School Council, Susan Kurland, Ph.D., and Mary Pat Hartung, individually, Defendants.**

**No. 01 C 4216.**

United States District Court, N.D. Illinois, Eastern Division.

July 30, 2001.

Lisa Kane, Lisa Kane & Associates, Chicago, IL, for Plaintiff.

Marilyn F. Johnson, General Counsel, Mark Trent, Assistant General Counsel, Board of Education of the City of Chicago, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Thomas Brogan ("Brogan") has brought a 42 U.S.C. § 1983 ("Section 1983") action against two entity defendants and two individual defendants: Chicago School Reform Board of Trustees ("Board"), the Nettlehorst Local School Council ("Council"), the Principal of Nettlehorst School and Council's Chairman–President. Board has just tendered—to be presented on August 1—its Fed.R.Civ.P. ("Rule") 12(b)(6) motion to dismiss Brogan's Amended Complaint ("AC"), asserting that it is impermissibly sued on respondeat superior grounds in violation of the principle announced in the seminal decision in *Monell v. Dep't of Soc. Serv. of New York City*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). For the reasons briefly stated in this memorandum opinion and order, Board's motion is denied and it is ordered to answer the AC.

For too long a period our Court of Appeals' opinion in *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985) had created a Catch–22 situation in which, to stay in court in the face of a Rule 12(b)(6) motion, a plaintiff had to allege specific *facts* to support a Section 1983 action against a municipality, even though by the very nature of things those facts were likely to be obtainable only through post-filing discovery. Although a number of District Judges (including the writer) viewed that result as a solecism, our task as District Judges called for us to adhere to *Strauss*—a task akin to that described in stanza 2 of Tennyson's *The Charge of the Light Brigade*:

Someone had blundered:

Theirs not to make reply,

Theirs not to reason why,

Theirs but to do and die.

But later developments, more consistent with the notice pleading (not fact pleading) regime dictated by the Rules (see, e.g., Rule 8(a)), have overtaken that unfortunate approach. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) has made it plain that factual specificity in complaints is not called for except as expressly demanded by Rule 9(b). And adhering to *Leatherman*'s teaching, our Court of Appeals has flatly rejected the kind of position sought to be advanced by Board here. Indeed, the opinion in *McCormick v. City of Chicago*, 230 F.3d 319, 323–25 (7th Cir.

2000) might well have been written for this case in spelling out in detail why Board's approach here is wrong.[1]

So when the FAC here alleges that the action of which Brogan complains represented the conduct of policymakers (FAC ¶¶ 15–17), those averments must be taken as gospel for Rule 12(b)(6) purposes. And the same is true of the allegations in FAC ¶ 14, which assert direct failures on Board's part that themselves violated Brogan's constitutional rights.

Nothing said here should of course be taken as an expression of this Court's view as to whether, when this case moves from the pleading stage to the need to provide proof of the FAC's allegations, Brogan will be able to deliver as advertised. For now it suffices that he stays in court on the strength of his allegations, which must be taken as true at this point. Board's motion is denied, and it is ordered to answer the FAC on or before August 10. This Court will retain the previously scheduled 9 a.m. August 22 status hearing.

---

1. Board's Motion at 6 has quoted from *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994) in attempted support of the opposite position, one that rejects "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist...." But that quotation was in turn drawn from an opinion issued in the same year as *Strauss* (1985 was apparently not a good vintage year), and counsel for any municipal body, whose business it is to keep current on such matters, surely ought to be aware that suggestions to that effect are clearly bad law at this time (it is reasonable to expect that *McCormick* would be required reading in every public law office).