Victor HERRERA, Plaintiff–Appellant,

v.

Howard SAFIR, Commissioner of New York City Police Dep't; Louis Anemone, Chief of the New York City Police Dep't; Martin J. Schulman & Barry Kron, Judges of New York State Supreme Court Queens County; Richard A. Brown, District Attorney of Queens County, sued in their individual and official capacities, Defendants–Appellees.

Docket No. 99–0162.

United States Court of Appeals, Second Circuit.

Aug. 21, 2001.

**42**

Victor M. Herrera, Jr., Malone, NY, pro se.

Jane S. Earle, Assistant Corporation Counsel; Michael D. Hess, Corporation Counsel, New York, NY, for appellee.

Present WALKER, Chief Judge, PARKER and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED in part, VACATED AND REMANDED in part.**

Plaintiff-appellant Victor Herrera appeals from the May 19, 1999 judgment of the district court dismissing his claims, brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, against New York City Police Department Commissioner Howard Safir, New York City Police Department Chief Louis Anemone, Queens County District Attorney Richard A. Brown, and New York Supreme Court Judges Martin Shulman and Barry Kron for malicious prosecution and unlawful imprisonment and confinement, in violation of Herrera's rights under the Fifth, Sixth, and Fourteenth Amendments, stemming from his 1996 arrest and pre-trial confinement for possessing and selling an illegal narcotic.

Herrera's complaint sought declaratory and injunctive relief, including an injunction against his impending prosecution, as well as compensatory damages. He alleged, *inter alia*, that the New York City Police Department Crime Laboratory failed to "meet the statutory requirement regarding certification and accreditation for forensic and D.N.A. evidence." Herrera further asserted that due to the Laboratory's practices of (1) employing "chemist technicians who are not licensed or properly certified"; (2) utilizing "unreliable analysis procedures"; (3) exposing testing substances to "deleterious conditions"; and (4) subjecting "substances . . . to contaminated working areas," the evidence to be used in Herrera's criminal trial was "tainted and unreliable" and "insufficient to support an indictment and prosecution" of him.

In granting the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court held that Herrera's claims for declaratory and injunctive relief, including his claim to enjoin his criminal prosecution, were barred by *Younger v. Harris*, 401 U.S. 37, 59, 91 S.Ct. 746 (1971), given that his state court criminal trial was pending, providing him the opportunity to raise his constitutional claims there, and there was no showing of prosecutorial or judicial bad faith.

The district court also dismissed Herrera's claims for monetary damages against all of the defendants, holding that Herrera's official—and individual-capacity claims against defendant Brown were barred by the Eleventh Amendment and absolute immunity, respectively, that his claims against defendants Shulman and Kron were barred by judicial immunity, and that his claims against Safir and Anemone were barred because he had failed to allege that his constitutional injuries arose from an official municipal policy or practice for purposes of the official-capacity claims, and he had failed to allege any personal involvement by the defendants

for purposes of the individual-capacity claims.

We affirm the district court's dismissal of Herrera's claims for injunctive and declaratory relief, and the dismissal of his monetary claims against defendants Brown, Shulman, and Kron for substantially the reasons stated in the district court's May 17, 1999 opinion.

We find that the district court erred, however, in dismissing the monetary claims against defendants Safir and Anemone. As the district court noted in its opinion, one of the grounds for holding a supervisor liable in his or her individual capacity under Section 1983 is when it can be established that the supervisor "after being informed of the [constitutional] violation through a report or appeal, failed to remedy the wrong." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995). Construing Herrera's complaint liberally, as we must, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), and accepting as true all factual averments in the complaint, *see Easton v. Sundram*, 947 F.2d 1011, 1014–15 (2d Cir.1991), we find that Herrera's allegations that Safir and Anemone permitted the New York City Crime Laboratories to function below the standards required for statutory accreditation, which resulted in tainted evidence and unreliable results, and that they allowed lab chemists "to fabricate analysis procedures" stated a claim sufficient to withstand 12(b)(6) dismissal.

Similarly, we find that Herrera has pleaded sufficient facts to withstand a motion to dismiss his claims against Safir and Anemone acting in their official capacities, given that the official policy or practice required for municipal liability can be established by showing that the challenged "practices ... are persistent and wide-spread, [such that] they could be so permanent and well settled as to constitute a custom or usage with the force of law ... [or] to imply the constructive acquiescence of senior policy-making officials." *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870–71 (2d Cir.1992) (internal quotation marks and citations omitted). Accordingly, we vacate the dismissal of the monetary claims against Safir and Anemone and remand for further proceedings.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED in part, VACATED AND REMANDED in part.** Herrera's motion to reverse and remand with instructions is **DENIED** as moot.