**Alvin Ronnel ROSS, Plaintiff—
Appellant,**

v.

**Vickie MCCOY; Ron Sumabat,
Defendants—Appellees.**

No. 02–15281.

D.C. No. CV–99–06324–REC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided April 28, 2003.

Before NOONAN, MCKEOWN, and
RAWLINSON, Circuit Judges.

MEMORANDUM*

Alvin Ronnel Ross, a California state prisoner, appeals the district court's judgment dismissing with prejudice his 42 U.S.C. § 1983 action alleging retaliation and due process violations. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Ross sufficiently pled a First Amendment retaliation claim under the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Lee v. City of Los Angeles,* 250 F.3d 668, 680 (9th Cir.2001) (holding that Rule 8(a)(2) "do[es] not require a claimant to set out in detail the facts upon which he bases his claim[,]" quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (alterations in original)). Thus, the district court erred in dismissing his retaliation claim.

* This disposition is not appropriate for publication and may not be cited to or by the courts

The district court properly dismissed Ross's procedural due process claim because he failed to allege that access to the prison canteen implicates a liberty or property interest, *see Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or that he was denied the opportunity to file a grievance against McCoy pursuant to the prison grievance procedures. Indeed, he did utilize the grievance process.

To the extent that Ross alleged a substantive due process violation, the claim is foreclosed by our precedent. *See Patel v. Penman,* 103 F.3d 868, 874 (9th Cir.1996).

In light of our decision on the retaliation claim, we decline to address the supplemental jurisdiction issue, leaving that issue to the district court in the first instance.

**AFFIRMED in part, REVERSED in part, and REMANDED.** Appellant Ross shall be awarded costs on appeal.

of this circuit except as provided by Ninth Circuit Rule 36–3.