**Chester L. GARRISON, Plaintiff,**

v.

**Hansford T. JOHNSON, Acting Secretary of the Navy, Defendant.**

**Civ. No. 03–142–P–H.**

United States District Court, D. Maine.

Oct. 10, 2003.

Philip P. Mancini, Drummond & Drummond, Portland, ME, Richard Lord, Brunswick, ME, for Plaintiff.

Evan Roth, Office of the U.S. Attorney, Portland, ME, for Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

HORNBY, District Judge.

Chester L. Garrison's ("Garrison") Complaint fails to state a procedural due process claim under the Fifth Amendment (Count II); he has failed to exhaust his administrative remedies, foreclosing his state law claims (Counts III and IV); and punitive damages are not available against the Secretary of the Navy ("Navy"). Therefore, the Navy's motion to dismiss Counts II, III and IV, and Garrison's claims for punitive damages is GRANTED.

### FACTS

Garrison, a Public Safety Manager at Brunswick Naval Air Station, has charged the Navy with racial discrimination (Count I), taking his property interest (his job) without Fifth Amendment due process of law (Count II), and state tort claims of intentional and negligent infliction of emotional distress (Counts III and IV). Among other things, he seeks punitive damages. The Navy has moved to dismiss Counts II, III, and IV and any request for punitive damages.

### ANALYSIS

#### Count II: Fifth Amendment Due Process

■ Garrison's primary claim, racial discrimination (Count I), is not challenged on this motion. The Navy mistakes Count II, a procedural due process claim, as a discrimination claim. Contrary to the Navy's argument, a procedural due process claim is not foreclosed by the anti-discrimination remedies of Title VII. However, in order to proceed on a procedural due process claim, Garrison must allege facts sufficient to show a deprivation of a property interest, and a lack of due process of law. *Brayton v. Monson Public Schools*, 950 F.Supp. 33, 37 (D.Mass.1997) (citing *Brown v. Hot, Sexy & Safer Productions, Inc.*, 68 F.3d 525, 534 (1st Cir. 1995)). Although I construe Garrison's complaint liberally, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), even if I accept that Garrison has asserted a deprivation of a property interest in the loss of his job, his Complaint offers no hint whatsoever as to what procedural defects resulted in his dismissal. His response to the Navy's motion to dismiss is equally unhelpful, stating only that "it is unclear whether Plaintiffs' [sic] dismissal resulted from other deficiencies which caused Plaintiff to be deprived of his employment without due process of law." Pl.'s Opp'n at 3. In the absence of any information that Garrison received less than the process due him, the complaint is insufficient to state a procedural due process claim under the Fifth Amendment. *See Brayton*, 950 F.Supp. at 37–38. I therefore do not reach the Navy's sovereign immunity defense on this claim, raised for the first time in its Reply Memorandum.

#### Counts III and IV: State Tort Claims

■ The Federal Torts Claim Act provides the exclusive compensation remedy for tortious acts by a government employee acting within his scope of employment. 28 U.S.C. § 2679. But first, a claimant must file an administrative claim with the appropriate federal agency. 28 U.S.C.

§ 2401(b). Otherwise, the claim is barred. *See Roman v. Townsend*, 224 F.3d 24, 27–28 (1st Cir.2000). Garrison has not contested the Navy's motion to dismiss the state law tort claims for failure to exhaust his administrative remedies and does not assert in his complaint or elsewhere that he did exhaust administrative remedies. *See* Pl.'s Opp'n at 1–2. Failure to exhaust prevents his proceeding on Counts III and IV.

### *Punitive Damages*

 Under 42 U.S.C. § 1981a(b)(1), punitive damages are prohibited against "a government, government agency or political subdivision." Garrison likens the Navy to the United States Postal Service (Pl.'s Opp'n at 4), a government entity that has been held liable for punitive damages by some courts. *See, e.g., Roy v. Runyon*, 954 F.Supp. 368, 382 (D.Me.1997), *contra Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir.1997); *Ausfeldt v. Runyon*, 950 F.Supp. 478, 488 (N.D.N.Y.1997). Even if the Postal Service can be held liable for punitive damages (an issue on which courts disagree), that conclusion provides no basis for punitive damages against the Navy. Although Article I, section 8, of the U.S. Constitution gives Congress the power both "To establish Post Offices and post Roads" and "To provide and maintain a Navy," Congress became dissatisfied with the Post Office organization, and in 1970 created the Postal Service as a unique entity to operate like a private business, empowered "to sue and be sued in its official name," and having the same liabilities as any other business. *See Roy*, 954 F.Supp. at 382 (citing *Loeffler v. Frank*, 486 U.S. 549, 555–56, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988)) (quoting 39 U.S.C. § 401(1)). In stark contrast, the Department of the Navy operates as an *executive department* of the federal government responsible solely for naval affairs, see Act of Apr. 30, 1798, ch. 35, 1 Stat. 553 (establishing an executive department to be denominated the Department of Navy), and the President is its Commander in Chief. U.S. Const. art. II, § 2, cl. 1. At no time in its history has the Navy had a business-like status like the Postal Service. The Department of the Navy is the classic government agency. It is not subject to punitive damages under federal law.

### CONCLUSION

The Navy's motion to dismiss Counts II, III and IV, as well as Garrison's requests for punitive damages, is GRANTED.

**So ORDERED.**