Cite as: 549 U. S. \_\_\_\_ (2007)     1

# SUPREME COURT OF THE UNITED STATES

RACHEL HAAS, CAROL HAAS, AND RICHARD HAAS *v.*
QUEST RECOVERY SERVICES, INC., ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 06–263.   Decided January 16, 2007

The motion of the United States for leave to intervene is granted. The petition for a writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Sixth Circuit for further consideration in light of 28 U. S. C. §2403(a) to consider the views of the United States.

JUSTICE GINSBURG, concurring.

I concur in the Court's order granting the petition for certiorari, vacating the Court of Appeals' judgment, and remanding for consideration of the United States' views in light of 28 U. S. C. §2403(a). The United States points out that had the Sixth Circuit attended to *United States* v. *Georgia*, 546 U. S. 151 (2006), it might not have reached the question whether Title II of the Americans with Disabilities Act of 1990, 104 Stat. 337, as amended, 42 U. S. C. §12131 *et seq.*, abrogated the State of Ohio's Eleventh Amendment immunity with respect to petitioners' claims. That is so because the Court of Appeals also held that petitioners failed to state a claim for relief against Ohio under Title II. I write separately to note that two aspects of the Sixth Circuit's alternative rulings are puzzling, calling into question the adequacy of those rulings to support the Court of Appeals' judgment.

First, petitioners alleged that Ohio discriminated against Rachel Haas by failing to ensure that she was housed in a handicap accessible correctional facility. The Court of Appeals held this claim barred by judicial immu-

nity, even though no judge was named a defendant in this action. The court cited no authority for according the benefit of judicial immunity to defendants who are not judges.

Second, petitioners asserted, as a discrete basis for Ohio's liability, the State's ownership of the building housing the private correctional facility to which Haas was assigned. See Dept. of Justice, Civil Rights Division, Disability Rights Section, Americans with Disabilities Act: Title II Technical Assistance Manual §1.3000 (Nov. 1993) (explaining that a public entity may be liable as a landlord). The Sixth Circuit held that petitioners failed to satisfy special "pleading requirements" set forth in *Johnson* v. *Saline*, 151 F. 3d 564 (1998), for alleging a claim against Ohio as a landlord. Under this Court's jurisprudence, however, federal courts ordinarily have no warrant to impose heightened pleading standards not prescribed by statute or rule. See, *e.g., Leatherman* v. *Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U. S. 163, 168 (1993). Neither *Johnson* nor the decision at hand offers any justification for applying special pleading rules to Title II claims.

If, on remand, the Court of Appeals again holds that petitioners failed to state a claim under Title II, this Court would benefit from a fuller statement of the reasons underlying that decision. Further review here would also be aided if, on remand, the Sixth Circuit clarified whether any aspect of Ohio's Title II liability was covered by the settlement agreement the parties entered into while this case was pending in the District Court. Ohio here contends that, as part of that agreement, it has been released from Title II liability as a landlord. The Sixth Circuit stated only that the parties settled Ohio's liability as a landlord under a different statute, the Rehabilitation Act, and petitioners do not concede that they have released their Title II landlord-liability claim.