# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2025

Lyle W. Cayce
Clerk

————————

No. 24-10961
Summary Calendar

————————

Myisha Niter, *on behalf of minor children*, C.W., C.W., and C.W., the *children of* Christopher Darnell Williams (Decedent); George Williams, *Individually as Father of* Christopher Darnell Williams (Decedent),

*Plaintiffs—Appellants*,

*versus*

Marian Brown, *in her official capacity as Sheriff of Dallas County*; Does, *in their Individual and official capacity as agents/employees of Dallas County Sheriff's Office*; Dallas County; Texas Department of Public Safety,

*Defendants—Appellees.*

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-1621

———————————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10961

Christopher Darnell Williams died by suicide while detained in Dallas County Jail. His family sued the Texas Department of Public Safety, ("TDPS"), Dallas County, Sheriff Marian Brown, and unknown jail employees. Plaintiff-Appellants brought claims under 42 U.S.C. § 1983, alleging Defendant-Appellees failed to monitor Williams and removed him from a mental health unit without proper evaluation. The district court dismissed Plaintiffs' claims. We AFFIRM.

Plaintiffs do not brief, and have therefore abandoned, any challenge to two aspects of the dismissal. The district court dismissed Plaintiffs' claims against TDPS without prejudice based on sovereign immunity. And, it dismissed Plaintiffs' claims against the unknown jail employees based on limitations and failure to serve. Because Plaintiffs have not briefed these rulings, they are AFFIRMED.[1]

As to Plaintiffs' claims against Dallas County and Sheriff Brown in her official capacity, the district court found that Plaintiffs failed to plead sufficient facts to allege a plausible *Monell* claim. We agree. To state a *Monell* claim which meets federal pleading standards,[2] a plaintiff must allege a municipal policymaker promulgated a "policy or custom" that was the

---

[1] *See Brinkmann v. Dal. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("We will not raise and discuss legal issues that [Plaintiff] has failed to assert.").

[2] Although Plaintiffs cite *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), for the assertion that mere notice pleading is sufficient for a municipal liability claim, this is incorrect. *See Ratliff v. Aransas Cnty.*, 948 F.3d 281, 285 (5th Cir. 2020) ("[W]e note that the ordinary *Twombly* pleading standard applies. It is, of course, true that *Leatherman*, a pre-*Twombly* case, held that courts must not apply a 'heightened' pleading standard to *Monell* claims. However, *Leatherman* did not require courts to accept 'generic or boilerplate' pleadings in this case or in any other context. Indeed, our precedents make clear that the *Twombly* standard applies to municipal liability claims.").

2

No. 24-10961

"moving force" of an alleged constitutional violation.[3] "To proceed beyond the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts."[4]

Here, Plaintiffs did not plead facts plausibly alleging Defendants had a "policy" that led to Williams' death. True, Plaintiffs allege Defendants failed to regularly monitor inmates as required by state law. But beyond the circumstances of their own case, Plaintiffs allege no facts showing a broader policy. We have repeatedly held in similar cases that a conclusory allegation of the existence of a policy, coupled with the facts of a plaintiff's own case, is insufficient to adequately plead the "policy" element of a *Monell* claim.[5] Accordingly, the district court properly dismissed.

Finally, the district court dismissed Plaintiffs' claim against Sheriff Brown in her individual capacity based on qualified immunity. "Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right."[6] "[P]retrial detainees have a Fourteenth Amendment right to be protected from a known risk of suicide."[7] Thus, jail officials violate a detainee's constitutional rights if they "gained *actual*

---

[3] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

[4] *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018).

[5] *See id.* (holding the plaintiff failed to state a *Monell* claim where she alleged the city had a policy of tasing juvenile non-suspects because "the only specific fact in the complaint is the single incident in which [plaintiff] was involved" and "a plaintiff must do more than describe the incident that gave rise to his injury" to survive a Rule 12(b)(6) motion); *Ratliff*, 948 F.3d at 285 (holding the plaintiff failed to state a claim where he alleged that the defendant had a policy of allowing officers to use excessive force, but offered no facts in support of this allegation beyond the circumstances of his own case).

[6] *Converse v. City of Kemah*, 961 F.3d 771, 774 (5th Cir. 2020).

[7] *Id.*

*knowledge* of the substantial risk of suicide and responded with deliberate indifference."[8] But here, Plaintiffs do not allege that Brown knew Williams was at risk of suicide. In fact, as the district court observes, "Plaintiffs do not allege that Brown was at the jail when Decedent was there or that she was personally involved in decisions regarding his confinement." Because Plaintiffs have not alleged that Brown acted with deliberate indifference to Williams's constitutional rights, dismissal of their § 1983 claim against Brown was proper.

AFFIRMED.

---

[8] *Id.* (emphasis added).