**Clarence GOLDEN, etc., Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 99 C 1750.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 23, 1999.

Douglas W. Graham, Chicago, IL, for plaintiff.

Eileen E. Rosen, Assistant Corporation Counsel, Chicago, IL, for defendant.

---

9. In view of the court's decision, it is not necessary to address the other grounds for dismissal raised by the Defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

On May 13, 1999 this Court entered and continued two motions by the City of Chicago ("City"), one of the defendants in this 42 U.S.C. § 1983 ("Section 1983") action brought by Clarence Golden ("Golden") as special administrator of the Estate of decedent Octavia Wilcher:

    1. City's motion to dismiss the Amended Complaint ("AC") and

    2. City's motion to dismiss this action for lack of standing on Golden's part.

Because the circumstances that occasioned the continuance rather than the disposition of those motions have now been cleared away, this memorandum opinion and order will deal with each of them.

First, the motion based on Golden's purported lack of standing (Dkt. No. 9–1) is susceptible to swift resolution. It was based on the fact that another person (Beverly Wilcher), also purporting to act as special administrator of the same Estate, had then filed another action based on the same claim in the Circuit Court of Cook County—an action that in turn had been removed to this District Court as Case No. 99 C 2930. Since then Golden's representative status has been confirmed in the state court system, so that the earlier-removed Beverly Wilcher action (99 C 2930) has now been dismissed. City's Dkt. No. 9–1 motion for dismissal of this action on standing grounds is therefore denied.

As for the other motion (Dkt. No. 8–1), which is advanced under Fed.R.Civ.P. ("Rule") 12(b)(6), it asserts that the allegations against City in AC ¶ 8 are insufficient to support a claim of municipal Section 1983 liability. But City is forthright in acknowledging that *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) compels a sea change in the perspec-

Defendant's prayer for attorney's fees, pursuant to 28 U.S.C. § 2412, is denied.

tive that many courts (including our own Court of Appeals) had taken earlier in Section 1983 cases alleging municipal liability, erecting a "heightened pleading standard" in place of the Rules' notice pleading regime. What City fails to acknowledge, however, is that where the municipality itself is sued, *Leatherman,* 507 U.S. at 165, 113 S.Ct. 1160 expressly identified the conflict among Courts of Appeals that it was resolving by quoting this language from a Ninth Circuit decision that had come down on the side that the unanimous court in *Leatherman* ultimately approved:

> [A] claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice.

This Court is aware that some post-*Leatherman* opinions from our Court of Appeals continue to repeat a purported need for factual allegations of the type that City urges are lacking here.[1] With all respect, none of those opinions has even mentioned what the unanimous Supreme Court had cited and quoted as contrasting with the position (then advanced by the Fifth Circuit) that the Court disavowed and reversed. As *Leatherman,* 507 U.S. at 168-69, 113 S.Ct. 1160 concluded its substantive discussion:

> The phenomenon of litigation against municipal corporations based on claimed constitutional violations by their employees dates from our decision in *Monell, supra* [*v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)], where we for the first time construed § 1983 to allow such municipal liability. Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b). But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial in-

terpretation. In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.

Like the Supreme Court, this Court will not cut Golden off at the pass. It may be that when the facts are further fleshed out through such discovery (and perhaps via summary judgment), Golden's claim against City will indeed succumb for lack of proof—but for now City's motion is denied, and it is ordered to file its Answer to the AC on or before September 3, 1999.

---

1. It should be noted that two opinions by Judge Ripple, which contain language of that nature and are part of the line of authority sought to be relied on by City here as calling for factual allegations, impose that requirement in respects quite different from those where the earlier-quot-

ed Ninth Circuit opinion had found any factual presentation unnecessary to survive a Rule 12(b)(6) motion. This opinion need not, and does not purport to, address that different type of situation.