IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60661
_____


JUAN PAYTON,

                                        Plaintiff - Appellee,

v.

HINDS COUNTY, MISSISSIPPI; ET AL,

                                        Defendants,

HINDS COUNTY, MISSISSIPPI; HINDS COUNTY SHERIFF'S
DEPARTMENT; HINDS COUNTY DETENTION CENTER; MALCOLM MCMILLIN;
TERRY PARKER, Sergeant; S. DANIELS; IVAN SMITH, Captain; ROSIE
WILSON; UNKNOWN MITCHELL, Deputy; TRICIA MAGEE; DOUGLAS JONES,
Captain; SHELBY BARLOW, Commander

                                        Defendants - Appellants.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-782-LN

_____

September 23, 2002


Before DAVIS, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

_____

   [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hinds County, the Hinds County Sheriff's Department, the Hinds County Detention Center, Sheriff Malcolm McMillin, Douglas Jones, Ivan Smith, Terry Parker, Shelby Barlow, Sibyl Daniels, Tricia Magee-Crotwell, Rosie Wilson, and Teri Mitchell ("the defendants") appeal the denial of their motion to dismiss or alternatively for summary judgment asserting qualified immunity from Juan Payton's 42 U.S.C. § 1983 and Mississippi state-law suit.

"[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); see Gonzales v. Dallas County, Texas, 249 F.3d 406, 411 (5th Cir. 2001). Hinds County, the Sheriff's Department, and the Detention Center cannot raise a qualified-immunity defense. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993). The same is true for Payton's claims against McMillin and the other Hinds County employees in their official capacities. See Jacobs v. West Feliciana Sheriff's Dep't, 228 F.3d 388, 392 (5th Cir. 2000). Accordingly, we are without jurisdiction to review the denial of the defendants' summary judgment motion regarding these claims. Id.

With regard to the individual defendants who appear in their individual capacities, a defendant invoking a qualified-immunity defense may not appeal a district court's denial

2

of summary judgment insofar as the order determined whether the record sets forth a genuine issue of fact for trial. Johnson v. Jones, 515 U.S. 304, 319-20 (1995). The defendants have not conceded the facts regarding Payton's claims of use of excessive force in the light most favorable to Payton, as is required to obtain appellate review of the district court's denial of summary judgment. See Gonzales, 249 F.3d at 411. Material fact issues remain as to Payton's claims against Smith and Daniels, in their individual capacities; therefore, this court does not have jurisdiction to review the district court's denial of these defendants' claim of qualified immunity from Payton's 42 U.S.C. § 1983 suit. See Johnson, 515 U.S. at 313.

Payton produced no facts against Nurse-deputies Mitchell and Wilson, however, suggesting their involvement in any possible constitutional violation other than the denial of medical care. The only evidence in the record shows that these defendants each saw Payton once on the first night he was in the detention center. Each observed his swollen right hand, but he would not cooperate with either of them in describing any problems he had. This evidence is insufficient to create a fact issue concerning whether either of these deputies was deliberately indifferent to Payton's serious medical needs.

The defendants argue that the district court erred in not granting summary judgment to McMillin, Jones, Barlow, Magee-Crotwell, and Parker because they cannot be found liable under 42

3

U.S.C. § 1983 on a respondeat superior theory. Viewing the facts in the light most favorable to Payton, there is a fact question whether Parker, who was present at the Detention Center, had personal involvement in the alleged constitutional violations. We thus lack jurisdiction to review the district court's denial of qualified immunity with regard to him. With regard to Magee-Crotwell, however, Payton offers no evidence at all of her involvement in any constitutional violations; alleging her mere presence as the booking officer is insufficient to create a genuine issue of material fact.

With regard to McMillin, there is a fact question as to whether he failed to train his officers properly precluding this court from exercising jurisdiction over the district court's denial of summary judgment to him on the question of qualified immunity from 42 U.S.C. § 1983 liability. See Thompson v. Upshur County, Tex., 245 F.3d 447, 459 (5th Cir. 2001); Johnson, 515 U.S. at 313.

With regard to Jones and Barlow, Payton has offered no evidence to dispute their averment that they were not present and are not policy makers; Payton's only theory of Jones's and Barlow's liability is thus one of respondeat superior. Therefore, Jones and Barlow are entitled to qualified immunity. Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 534-35 (5th Cir. 1997); Cantu v. Rocha, 77 F.3d 795, 807 (5th Cir. 1996).

The defendants also appeal the denial of their motion for summary judgment with regard to Payton's state law claims, arguing

4

that they are immune under Mississippi law. Orders denying qualified immunity under Mississippi law are immediately appealable. <u>Sorey v. Kellett</u>, 849 F.2d 960, 962-63 (5th Cir. 1988). Under MISS. CODE ANN. § 11-46-9(1)(m), the defendants are immune because Payton was an inmate of a detention center when his claims arose and he has alleged no facts suggesting that the defendants were not acting within the course and scope of their employment. <u>See</u> <u>Jones v. City of Jackson</u>, 203 F.3d 875, 881 (5th Cir. 2000).

In sum, we lack jurisdiction over the district court's order denying summary judgment as to Hinds County, the Sheriff's Department, the Detention Center, the claims against Sheriff McMillin and the other Hinds County employees in their official capacities, and the claims against Sheriff McMillin, Smith, Daniels and Parker, in their individual capacities. However, we reverse the district court's denial of summary judgment as to Wilson, Mitchell, Magee-Crotwell, Jones and Barlow and as to Payton's state-law claims. Therefore, the summary-judgment denial is **DISMISSED IN PART**, **REVERSED IN PART**, and **REMANDED** for further proceedings consistent with this opinion.

5