**BOULEVARD ASSOCIATES I, L.P., Plaintiff,**

v.

**WAWA, INC., Defendant.**

**Civil Action No. 2:09cv111.**

United States District Court, E.D. Virginia, Norfolk Division.

June 5, 2009.

---

Steven R. Zahn, Bowman Green Hampton & Kelly, PLLC, Chesapeake, VA, for Plaintiff.

Robert William McFarland, McGuirewoods LLP, Norfolk, VA, for Defendant.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant's partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendant's motion is **DENIED.**

### I. Factual and Procedural History

On March 13, 2009, plaintiff Boulevard Associates I, L.P. ("Boulevard"), filed suit against defendant Wawa, Inc. ("Wawa"), alleging a breach of lease. Boulevard asserts that it entered into a lease agreement with Wawa on August 28, 2007, concerning property in Virginia Beach that Wawa planned to use for a gas station and convenience store. (Compl. ¶ 5.)

The lease provided that Wawa would apply for and obtain all necessary permits, zoning requirements, and other authorization by using "commercially reasonable efforts." (Compl. Ex. A at § 6(B).) The lease also provided that if Wawa could not obtain the necessary permits despite its best efforts, Wawa could terminate the

lease. *Id.* Under the lease, Wawa would pay all property taxes "including a prorated share of the taxes upon the land and all taxes upon improvements." (Compl. ¶ 15; Compl. Ex. A at § 8.)

Wawa allegedly failed to obtain the permits needed to construct a gas station and convenience store, and notified Boulevard of this fact and Wawa's desire to terminate the lease. (Compl. SI 30.) In response, Boulevard gave Wawa "written notice of default," claiming that Wawa could not terminate the lease because it had not made "commercially reasonable efforts" to obtain the necessary permits. *Id.* at ¶¶ 32; 39. Based on the alleged default, Boulevard seeks damages of $4,524,975, for the total minimum rent due during the "Original Term"; damages of $391,903.20 for property taxes; and damages involving rental value, marketability, and expired tenancy. *Id.* at ¶¶ 35–38.

On May 5, 2009, Wawa filed a partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Specifically, Wawa seeks to dismiss Boulevard's claims for future rent and property-tax payments, loss of rental value and marketability, and expired tenancy. On May 18, 2009, Boulevard filed an opposition, and Wawa replied on May 27, 2009. This motion is now ripe for review.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The court must accept the complaint's factual allegations as true and view all allegations in a light most favorable to the nonmoving party. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). A complaint must "aver enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

## III. Analysis

Construing the alleged facts in the light most favorable to the plaintiff, the court finds that Boulevard has stated plausible claims for future damages based on rent and property-tax payments. Boulevard correctly points out the legal distinction between contracts *to* lease and contracts *for* lease. *See tenBraak v. Waffle Shops, Inc.*, 542 F.2d 919, 924 n. 3 (4th Cir.1976). In a contract *to* lease, the landlord-tenant relationship never exists and default is considered a breach of contract, which allows for the recovery of future damages. *Id.* In a contract *for* lease, the recoverable damages do not include future damages. *Id.*

Boulevard has alleged facts that its agreement with Wawa was, in fact, a contract *to* lease and not a contract *for* lease. Because part of the property that Wawa planned to lease was already occupied by another tenant, Boulevard argues that Wawa could not have yet been a tenant. (Opp'n to Mot. to Dismiss 5.) Boulevard also contends that because Wawa did not have to pay rent until the "Rent Commencement Date," it was not yet a party to a contract of lease. *Id.* Boulevard argues that a series of conditions needed to be met before creating any leasehold estate most—importantly, removal of prior tenants by Boulevard. *Id.* These alleged facts support the assertion that Wawa breached a contract to lease, permitting Boulevard to seek recovery for future damages, such as rent and property taxes.

Based on the alleged facts, Boulevard also merits the opportunity to prove damages for lost rental value, marketability, and tenancy. Boulevard asserts that the existing tenants in the shopping center were profitable and that the construction

of the Wawa gas station would have benefitted those entities, making the shopping center more desirable and allowing Boulevard to raise rents for these commercial spaces. *Id.* at 6. Boulevard asserts that it will submit expert testimony as to the plausibility of these lost profits. *Id.* The alleged facts also support that, to accommodate Wawa, Boulevard did not renew the lease of a tenant and, thus, sustained damages as a direct result of Wawa's breach of contract. *Id.* at 7. For purposes of surviving a motion to dismiss, Boulevard has stated plausible claims for these damages.

## IV. Conclusion

For the reasons set forth above, defendant's partial motion to dismiss is **DENIED.** The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**