**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0653n.06

**No. 08-3586**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Sep 21, 2009**

LEONARD GREEN, Clerk

SAMUEL HOWARD, JR.,

    Plaintiff-Appellant,

v.

CITY OF GIRARD, OHIO, and JOHN DOES 1-4,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: SILER, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Plaintiff Samuel Howard, Jr. sued the City of Girard, Ohio, and several city emergency workers (John Does 1-4) for failing to prevent him from viewing the scene of his father's suicide. Because plaintiff's complaint does not allege that the city operated with the requisite amount of "deliberate indifference" to warrant liability under the Fourteenth Amendment, we affirm the district court's grant of defendants' motion to dismiss.

I.

Plaintiff Samuel Howard, Jr., then 17 years old, called 911 because he had been unable to contact his father for two to three days. He shared an apartment with his father in Girard, Ohio, and

had slept in a hallway outside of the apartment for several days because he could not gain access to the apartment or contact his father.

Emergency personnel arrived and forcibly entered the apartment. The emergency crew did not restrain Howard or prevent him from entering the apartment. Howard discovered his father lying naked on a bed with a self-inflicted gunshot wound to his head. Howard attempted to clothe his father, who was still alive but died after the emergency crew took him to the local hospital.

Samuel Howard, Jr. sued the city and John Doe members of the emergency crew pursuant to 42 U.S.C. § 1983 for failing to limit Howard's access to the apartment until the crew first surveyed the interior of the apartment. Plaintiff claims that the emergency crew's failure to restrain him was the "result of a lack of proper training, recklessness and gross indifference to the civil rights and well-being of Samuel Howard as well as the inhabitants of the City of Girard."

In his amended complaint, plaintiff first alleged that the city's failure to train its emergency crew to prevent him from entering the apartment violated his substantive due process rights in violation of the Fourteenth Amendment and resulted in "severe psychic injury." Second, plaintiff sought to impose liability upon the city for negligent infliction of emotional distress on the grounds that it failed to train its employees to prevent him from entering the apartment. Third, plaintiff asserted that the city was negligent because its alleged failure to train its employees was the proximate cause of his psychic injuries.[1] The district court dismissed the first count for failure to

---

[1]In the district court, plaintiff's mother, Kimberly Howard, was also a party plaintiff claiming loss of consortium related to her relationship with her son and her expenditures of substantial sums of money for his medical treatment. However, Kimberly Howard was not included in the claim of

state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and declined to exercise supplemental jurisdiction over the remaining counts, which were based on state law. Plaintiff timely appealed.

II.

Plaintiff argues that the district court erred in granting defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We review de novo the district court's grant of defendants' Rule 12(b)(6) motion. *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal citations omitted). The Supreme Court recently clarified in *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1948-50 (2009) that:

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [*Twombly*, 550 U.S. at 555] (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows

---

appeal.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"– "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

To prevail on a claim against the city under § 1983, plaintiff must establish both: (1) the deprivation of a constitutional right, and (2) the city's responsibility for that violation. *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).[2] Or, in the words of

---

[2]Municipal liability under 42 U.S.C. § 1983 may not be based on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). *Monell* requires that a plaintiff suing a municipality, such as a city, must identify an unconstitutional policy or custom in order to prevail on a § 1983 claim against it. *Id*. at 694. "*Monell*'s rule that a city is not liable under § 1983 unless a municipal policy causes a constitutional deprivation will not be satisfied by merely alleging that the existing training program for a class of employees, such as police officers, represents a policy for which the city is responsible. That much may be true. The issue in a case like this one, however, is whether that training program is adequate; and if it is not, the question becomes whether

the district court, "[f]or a municipality to be held liable for a constitutional violation, a plaintiff must show an actual constitutional violation for which the municipality is responsible."

Despite the fact that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim" at the complaint stage, we hold that plaintiff's amended complaint falls short of the *Twombly* threshold. The district court noted correctly that while plaintiff argues "Girard was deliberately indifferent to Howard's 'right to due process of law,'" he does not "identify which particular right Girard violated." Moreover, the Due Process Clause of the Fourteenth Amendment does not generally require a municipality to protect an individual from harm by third parties. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989).

There is an exception, however, for "state-created danger." We have held that the "state-created-danger theory of due process liability" has three requirements: (1) an affirmative act by the state that creates or increases the risk that an individual will be exposed to private acts of violence, (2) a special danger to the victim as opposed to the public at large, and (3) the requisite degree of state culpability. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 464 (6th Cir. 2006). Although they raised several arguments below, plaintiff's sole argument on appeal relates to the district court's analysis of the third *McQueen* prong.[3] The district court held that defendants could not be held liable

---

such inadequate training can justifiably be said to represent 'city policy.'" *City of Canton v. Harris*, 489 U.S. 378, 389-90 (1989) (footnote omitted).

[3]Plaintiff also fails to satisfy the first and second prongs of *McQueen*. Plaintiff does not allege that the City of Girard took an affirmative act that exposed Howard to harm. To the contrary, plaintiff maintains that the City of Girard is culpable for *not* affirmatively acting to restrain Howard from entering the apartment. The only affirmative act that defendants took, as alleged in the

unless they acted with "deliberate indifference," meaning in this context that "[t]he state must have known or clearly should have known that its actions specifically endangered an individual." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998). The district court concluded that plaintiff failed to allege sufficient facts to support his amended complaint because he did not allege that Girard, or its employees, acted with anything but recklessness.

Plaintiff claims that the district court overlooked language in the amended complaint stating that defendants' "actions were the result of improper training and gross indifference, in addition to recklessness." However, plaintiff does not develop this argument as it relates to a state-created-danger theory of due process liability; he merely states his conclusion that the district court erred. While he dedicates two pages of his appellate brief to discussing the standard of review, he only spends two cursory paragraphs advancing his argument. This argument is presented in such a perfunctory manner that we consider it to be forfeited and summarily affirm the district court's judgment. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 525 n.4 (6th Cir. 2006) (stating that an issue mentioned in a cursory manner in an appellate brief is forfeited); *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) ("[i]ssues adverted to in a perfunctory manner, unaccompanied

---

amended complaint, was to open the door to Howard's apartment. *See McQueen*, 433 F.3d at 467 (act of leaving students unsupervised in a classroom, after which one student shot another, did not increase the risk of harm to the victim and thus did not constitute an affirmative act). Moreover, there was no act, affirmative or otherwise, which placed Howard in any danger of violence from a third party. And plaintiff has failed to cite any authority holding that emotional injury resulting from private acts of self-inflicted violence may constitute a "special danger."

by some effort at developed argumentation, are deemed waived[.]") (internal quotations and citation omitted).

The final sentence of plaintiff's brief states: "[i]n addition to ignoring these allegations, the trial court did not accord to Appellants [sic] the benefit of every inference that could be drawn from the allegations." Plaintiff does not develop this argument, fails to identify the inferences that the trial court did not make in his favor, and gives us no guidance regarding his preferred interpretation. Plaintiff's one-sentence paragraph, without any reference to the record, argument, or citation to authority, again warrants no analysis, and we hold that this issue is also forfeited.

## III.

For these reasons, we affirm the judgment of the district court.