**Teddy HUTCHISON, Plaintiff,**

v.

**METROPOLITAN GOVERNMENT, OF NASHVILLE AND DAVIDSON, COUNTY and Officer Byron Carter, Officer Scott Billingsby, and other Unknown Officers, in their individual and official capacities, Defendants.**

**Case No. 3:09–0397.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 5, 2010.

Larry Lamont Crain, Brentwood, TN, for Plaintiff.

Allison L. Bussell Keli J. Oliver, Elizabeth A. Sanders, Metropolitan Legal Department Nashville, TN, for Defendants.

## ORDER

JOHN T. NIXON, Senior District Judge.

Pending before the Court is Defendant Metropolitan Government of Nashville and Davidson County's ("Defendant Metropolitan Government") Motion to Dismiss the Amended Complaint ("Motion to Dismiss") (Doc. No. 15) and Memorandum in Support (Doc. No. 16). Plaintiff Teddy Hutchison ("Plaintiff") filed a Response in Opposition (Doc. No. 20). For the following reasons, the Motion to Dismiss is **GRANTED.**

## I. BACKGROUND [1]

Plaintiff is suing Defendant Metropolitan Government, Officer Byron Carter, Officer Scott Billingsby, and other unknown officers under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments.

Plaintiff's case centers on a traffic stop. At the request of the vehicle's owner, on September 25, 2008 at approximately 11:00 a.m., Plaintiff was driving a vehicle carrying the owner and another passenger in the vicinity of Cockrill and Fourteenth Street in Nashville. Plaintiff asserts that although he was not violating any traffic laws, five squad cars surrounded the vehicle. At that point, several officers exited their squad cars and with guns drawn ordered Plaintiff out of the vehicle. Plaintiff has lost his left leg and requires a special prosthesis or crutches for mobility. Without allowing Plaintiff to use his crutches, the officers ordered Plaintiff to exit the vehicle and move to the squad car behind his vehicle, where Plaintiff was searched. Plaintiff was then ordered to get into the back of the squad car. In the course of complying with the officer's orders, Plaintiff fell, injuring his back. The officers subsequently removed one of the passengers from the vehicle, handcuffed him and put him in a different squad car, then searched the vehicle and requested information on the vehicle from radio dispatch. The police did not find any contraband, nor did they issue a citation for any traffic or criminal offense to Plaintiff or the other passengers. Plaintiff and the other passengers were then released from custody.

Plaintiff now claims chronic and severe back and leg pain as a result of the incident. Plaintiff requests declaratory and compensatory relief, as well as attorneys fees and costs.

## II. LEGAL STANDARD

A Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) is a means of testing the sufficiency of the claim for relief, and as such, it

---

1. All facts are taken from Plaintiff's Amended Complaint (Doc. No. 13), unless otherwise noted.

must be understood in conjunction with Rule 8(a), which sets out the federal standard for pleading. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1356 (3d ed. 2004). Rule 8(a) establishes a system of notice pleading, requiring a plaintiff to plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). The plaintiff need not plead an abundance of specific facts at this stage; the purpose of a complaint is limited to providing the defendant with "fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, all allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the pleader. WRIGHT & MILLER § 1357. However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir.2003). Recently the Supreme Court articulated a "plausibility standard" for a motion to dismiss: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations omitted). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* The Court continued: "[t]hreadbare recitals of the elements of a cause of action, supporting by

mere conclusory statements, do not suffice." *Id.*

## III. ANALYSIS

 Defendant Metropolitan Government asserts Plaintiff fails to state a viable claim for municipal liability under 42 U.S.C. § 1983 because Plaintiff's Amended Complaint merely recites the elements of a municipal liability claim without pleading additional facts. Plaintiff responds that his claim that the police officer conduct at issue resulted from a custom, policy or practice of Defendant Metropolitan Government is well-plead and the bare allegation that a defendant's conduct conformed to an official policy, custom or practice is sufficient to withstand a motion to dismiss.

Rather than a *respondeat superior* theory of liability, under 42 U.S.C. § 1983 municipal governments may only be held liable for employee or agent actions executed pursuant to an official policy, custom or practice. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Often, as here, a claim of policy, custom or practice claim involves an allegation of a municipality's failure to adequately train, discipline or supervise its employees. *See City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

In relevant part, Plaintiff's Amended Complaint states:

39. The regulations, customs, policies, and/or practices of Defendant Metropolitan Government and its officials regarding stopping vehicles and/or ordering passengers to step out of those vehicles permitted, encouraged, and/or tolerated Defendants Carter, Billingsby, and other unknown officers' stopping without sufficient cause the Vehicle and demanding Plaintiff to exit from the

Vehicle in disregard of his disability.

40. Defendant Metropolitan Government and its Officials failed to provide adequate training to Defendants Carter, Billingsby, and other unknown officers about stopping vehicles and/or ordering passengers to step out of those vehicles in disregard of their disabilities or injuries. . . .

42. Defendants, acting under color of law and pursuant to Defendant Metropolitan Government's policy or custom or policy of inaction, violated Plaintiffs' [sic] right to be free from unreasonable search and seizures in violation of the Fourth Amendment of the United States Constitution. . . .

45. Defendants, acting under color of law and pursuant to Defendant Metropolitan Government's policy or custom or policy of inaction, violated Plaintiff's right to due process guaranteed by the Fourteenth Amendment of the United States Constitution . . .

(Doc. No. 13, at 6–7).

■ Plaintiff is correct that a Section 1983 claim does not carry a heightened pleading standard. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168–69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Rather, in that case the Supreme Court reiterated Section 1983 actions must conform to Federal Rule of Civil Procedure 8(a), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 168, 113 S.Ct. 1160. Plaintiff points to several cases from our Circuit to support his theory that the statement that an officer's actions were caused by an official policy, custom or practice alone is sufficient to satisfy

Rule 8(a). *See Dowling v. City of Barberton,* 2008 WL 4415931, at \*3, 2008 U.S. Dist. LEXIS 73162, at \*9 (N.D.Ohio Sept. 24, 2008) ("Thus, to survive a motion to dismiss, a *Monell* plaintiff need only plead a constitutional violation and allege that the violation was caused by an official policy or custom."); *see also Raub v. Corr. Med. Servs.,* 2008 WL 160611, at \*2–3, 2008 U.S. Dist. LEXIS 2844, at \*5–\*6 (E.D.Mich. Jan. 15, 2008) (finding statement that defendant had a custom and policy sufficient to survive a motion to dismiss).

However, the Supreme Court recently clarified the pleading standard under Rule 8(a). In *Twombly,* the Court held that to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In *Iqbal,* the Court specifically extended this pleading standard to all civil actions and directed district courts to undertake a two-step analysis when considering a motion to dismiss: (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (2) "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 1950. While well-pleaded factual allegations in the complaint are treated as true for the purposes of a motion to dismiss, the Court reiterated, "we are not bound to accept as true a legal conclusion couched as a factual allegation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949–50.

In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal's* standards strictly. *See Heyne v. Metro. Nashville Public Schools*, 686 F.Supp.2d 724, 733–35, 2009 WL 3739382, at \*6–7 (M.D.Tenn. Nov. 03, 2009) (improper use of race as a factor in student discipline custom, policy or practice claim survived motion to dismiss because complaint alleged facts including defendant's instructions to staff and allegations of conspiracy to appear strict to one group of students while anticipating claims of bias by parents; failure to train claim failed because no factual support given); *Arnold v. Metro. Gov't of Nashville & Davidson County*, 2009 WL 2430822, at \*5 (M.D.Tenn. Aug. 6, 2009) (equal protection claim failed because plaintiffs did not allege sufficient facts to support an inference of intent, characterization of defendant's conduct as intentional and willful merely the recitation of elements of a cause of action); *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51–52 (6th Cir.2009) (upholding district court's dismissal of plaintiff's Section 1983 failure to train claim for lack of factual allegations).

 Plaintiff must state a claim for relief that is plausible on its face to survive a motion to dismiss. *See Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim is plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Id.* This plausibility standard is not a "probability requirement," but rather requires more than a sheer possibility of unlawful actions. *Id.* If a complaint pleads facts that are "merely consistent with" liability, it "stops short of the line between possibility and plausibility of relief." *Id.*

In step one of the *Iqbal* process, the Court must "begin by identifying plead-ings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct at 1950. Plaintiff's claim regarding Defendant Metropolitan Government's custom, policy or practice of stopping vehicles and ordering passengers to exit the vehicles without sufficient cause and in disregard of passengers' disabilities is just such a conclusion without additional factual assertions of any kind. While Plaintiff details the events of the traffic stop, he does not include any facts related to a municipal policy on probable cause and traffic stops, or a municipal custom, policy or practice regarding drivers or passengers who are disabled. Similarly, beyond the assertion that Defendant Metropolitan Government failed to adequately train its officers in stopping vehicles and/or ordering passengers out of those vehicles in disregard of their disabilities and injuries, Plaintiff gives no additional factual support. Therefore, Plaintiff's pleadings have "stop[ped] short of the line between possibility and plausibility" regarding municipal liability.

The Supreme Court's decisions in *Twombly* and *Iqbal* seem to suggest a shift from notice back toward fact pleading. *See e.g.*, WRIGHT & MILLER § 1216; WEST GROUP, FEDERAL PRACTICE & PROCEDURE SUPPLEMENTAL SERVICE § 1357 (referencing the Notice Pleading Restoration Act of 2009, S. 1504, introduced in the Senate to reinstate pre-*Twombly* standards for the motion to dismiss); and Jay S. Goodman, *Two, New, U.S. Supreme Court Cases Raise the Question: Is Notice Pleading Dead?*, 58 FEB R.I. B.J. 5 (2010). This reversal of over fifty years of Federal Rules of Civil Procedure interpretation will likely bring vast consequences in fairness to plaintiffs while doing little to increase fair notice to defendants. *See* WRIGHT & MILLER § 1216 ("the function of the com-

plaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved") (quoting ROBERT MILLAR, CIVIL PROCEDURE OF THE TRIAL COURT IN HISTORICAL PERSPECTIVE 190–93 (1952)). Although Plaintiff's Amended Complaint cannot survive the Motion to Dismiss after *Iqbal,* the Court must note that it is uncomfortable with this pleading standard as now applied, especially in the context of Section 1983 and municipal liability.

## IV. CONCLUSION

Per the foregoing, the Motion to Dismiss is **GRANTED.** Defendant Metropolitan Government is therefore **DISMISSED** from this action.

It is so ORDERED.