**CORRECTED March 12, 2012 +**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE A. TILLETT,+ et al., etc. | No. 11-35103 |
| Plaintiffs-Appellants, | D.C. No. 3:09-CV-05621-RJB |
| v. | MEMORANDUM [*] |
| CITY OF BREMERTON, JEFF Inklebarger, STEVEN M. POLONSKY, HAROLD P. WHATLEY AND KEITH A. SARGENT, et al. | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted February 10, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, GOULD, Circuit Judges.

George and Grace Tillett ("Appellants") filed this action based on injuries

George Tillett received when he was forcibly detained during the execution of a

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

warrant to search his son's residence and seize evidence of a violation of a Washington state law prohibiting the distribution of a controlled substance. In their complaint, Appellants alleged that they were entitled to damages for violation of state and federal law by the named defendants.

Appellees filed a motion for summary judgment in which they alleged that Appellants could not demonstrate that there was a genuine issue of fact in dispute about whether the named defendants had violated state or federal law. We affirm the order granting Appellees' motion for summary judgment because the record shows that in their opposition, Appellants failed to rebut Appellees' evidence that any injury suffered by George Tillett was caused by his resistance to being restrained to protect officers engaged in executing a valid search warrant.

I

In support of their motion for summary judgment, the Defendants presented the following facts. Police officers of the City of Bremerton, acting pursuant to a search warrant, entered the residence owned by the Appellants' son. They announced their presence by shouting "Police Search Warrant." Officer Harold P. Whatley went to the bottom of a stairway where he observed a closed door. George Tillett opened the door and entered the area where Officer Whatley was standing. George Tillett was wearing a bulky coat capable of concealing a weapon.

Officer Whatley yelled at him "Police, get on the ground." George Tillett responded, "No." Instead, he attempted to return to the adjoining room. Officer Whatley reached out to grab his overcoat to detain him. George Tillett resisted and fell to a sitting position as he backed away. Officer Whatley grabbed George Tillett's coat and placed him on his stomach. George Tillett placed his left arm under his body to prevent Officer Whatley and Officer Jeff Inklebarger from placing hand restraints on him. The officers successfully placed hand restraints on his wrists. The restraints were removed within five minutes.

Officer Inklebarger noticed that George Tillett had a small laceration on his right wrist. Officer Inklebarger checked the restraints to ensure that they would not contact the laceration. He also double locked the restraints so that they would not tighten.

The officers asked George Tillett if he wanted to receive medical aid. He refused. The officers asked members of the Bremerton Fire Department to evaluate the laceration on George Tillett's wrist. Bremerton Fire Department personnel examined George Tillett's wrist. They left when George Tillett did not request any further medical examination or treatment.

In their response to the motion for summary judgment, Appellants did not challenge Appellees' evidence that George Tillett refused to obey

Officer Whatley's command to get on the floor and placed his arm under his body to avoid having restraints placed on his wrists. Accordingly, we must decide whether the record shows there are genuine issues of fact in dispute regarding the liability of the named defendants for the injury suffered by George Tillett when the officers placed restraints on his wrists.

## II

We review *de novo* Appellants' contention that the district court erred in granting Appellees' motion for summary judgment. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).

## A

The dispositive issue in this matter is whether Officer Whatley and Officer Inklebarger are liable for using excessive force in restraining George Tillett when he resisted their attempts to place hand restraints on him during the execution of a valid search warrant.

Appellants appear to contend that the officers violated 42 U.S.C. § 1983 by failing to enter the residence through the garage instead of the front door to restrain George Tillett, if they believed he was a danger to their safety. There is no evidence in the record of any conduct by George Tillett, while he stood in the garage, that demonstrated that he would resist being restrained or that he might be

4

armed. Instead, the undisputed evidence shows that he did not pose a danger until after he entered the house from the garage wearing a coat which could have concealed a weapon, while the officers conducted their search pursuant to a valid warrant. He refused Officer Whatley's command that he lie down on the floor and attempted to enter another part of the residence.

Although set forth in Appellees' answering brief, Appellants failed to cite or attempt to distinguish the applicability of the Supreme Court's decisions in *Michigan v. Summers*, 452 U.S. 692 (1981) and *Muehler v. Mena*, 544 U.S. 93 (2005). In *Summers*, the Court recognized that the execution of a warrant to search for drugs "may give rise to sudden violence or frantic efforts to conceal or destroy evidence," *id*. at 702, and held that officers executing a search warrant for contraband may use reasonable force to detain persons within a residence to prevent flight and "minimiz[e] the risk of harm to the officers." *Id*. In *Muehler*, the Court held that placing the occupant of a residence in handcuffs at gun point, and detaining her for three hours while executing a search warrant, was a reasonable use of force and represented a marginal intrusion of her constitutional rights. 544 U.S. at 98–99.

Here, George Tillett refused to follow the command of Officer Whatley, and would not have been injured if he had not placed his arm under his body to avoid

5

the officers' efforts to place hand restraints on him. He was only restrained for five minutes. George Tillett declined the offer of medical assistance made by officers on the scene. At the officers' request, the Bremerton Fire Department ("BFD") conducted a medical evaluation of George Tillett. The BFD cleared Tillett medically.

Under the totality of their circumstances, none of the named defendants acted unreasonably in detaining George Tillett or in placing hand restraints on him after he resisted their efforts. *See id.* at 98–100. The district court did not err in holding that the Officers were entitled to qualified immunity.

B

The district court also did not err in determining that the City of Bremerton was not liable for any alleged constitutional violations under § 1983. To establish municipal liability under § 1983, a plaintiff must establish that he was deprived of a constitutional right and that "the constitutional violation was the product of a policy, practice, or custom adopted and promulgated by the city's officials." *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91 (1978)). Appellants have failed to demonstrate that George Tillett's constitutional rights were violated or

that the City had a policy or custom that resulted in the alleged violation of George Tillett's constitutional rights.

Appellants have presented no evidence supporting their claim that either the City or the officers ignored the procedures for executing a search warrant, or otherwise followed a practice that was so widespread as to have the force of law. *See Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (holding that "an act performed [by a municipal employee] pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law"). Absent competent evidence demonstrating that the City had a policy, practice, or custom that caused a constitutional injury, the City is not liable for monetary damages in a § 1983 suit. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993) ("a municipality . . . cannot be held liable [under § 1983] unless a municipal policy or custom caused the constitutional injury").

C

The district court did not err in dismissing Appellants' state law tort claim of outrage. Washington's tort of outrage requires proof of behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 530 P.2d 291, 295 (Wash. 1975) (citation omitted). The record supports the district court's finding that a reasonable person could not view the conduct of the defendant police officers as extreme and outrageous. Appellants presented no evidence demonstrating that any of the police officers used force beyond what was reasonable under the circumstances.

D

The district court did not err in dismissing Grace Tillett's loss of consortium claim. To prove loss of consortium, Grace Tillett was required to demonstrate that there is a genuine issue of material fact as to whether George Tillett was injured by the officers. *See Lundgren v. Whitney's, Inc.*, 614 P.2d 1272, 1275 (Wash. 1980) (holding that a wife may bring a cause of action for damages for the loss of her husband's consortium due to the negligence of a third party). Grace Tillett has died since this litigation began. We need not decide whether the decedent's personal representative may press a claim for loss of consortium under Washington's survival statute, R.C.W. 4.20.046, because even if such a claim survives Grace Tillett's death, it fails on the merits. Grace Tillett did not present

any evidence to support her claim that the officers acted negligently in placing George Tillett in hand restraints to ensure their safety.

AFFIRMED.