WYNN, Circuit Judge, concurring:
 

 I concur fully in the majority opinion. In particular, I agree with the majority opinion's conclusion that SawStop had actual notice of its antitrust claim as of June 2002, and therefore that SawStop is not entitled to relief from the limitations period based on the doctrine of fraudulent concealment. And I agree with the majority opinion that SawStop was on actual notice as of June 2002 because, by that time, it was aware of sufficient facts to plead an antitrust conspiracy claim that would survive a motion to dismiss-namely, (1) an economic injury, (2) parallel conduct, and (3) "something 'more.' "
 
 Ante
 
 at 109-11. I write separately to briefly summarize the state of the law in this circuit regarding when a plaintiff is on "actual notice" and therefore unable to avail itself from relief from the governing limitations period based on fraudulent concealment.
 

 For more than 40 years, this Court has been unwavering in our articulation of what actual notice requires: awareness of sufficient facts to state a claim.
 
 See
 

 Go Comput., Inc. v. Microsoft Corp.
 
 ,
 
 508 F.3d 170
 
 , 178 (4th Cir. 2007) (explaining that antitrust plaintiff may not invoke fraudulent concealment if he has discovered "facts which are the basis of a claim");
 
 Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.
 
 ,
 
 71 F.3d 119
 
 , 122 (4th Cir. 1995) ("facts that are the basis of the plaintiff's claim");
 

 Pocahontas Supreme Coal Co. v. Bethlehem Steel
 
 ,
 
 828 F.2d 211
 
 , 218 (4th Cir. 1987) ("facts which are the basis of a claim");
 
 Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.
 
 ,
 
 546 F.2d 570
 
 , 574 (4th Cir. 1976) ("facts which are the basis of his cause of action").
 

 It is axiomatic that the "facts which are the basis of a claim" or "cause of action" are those which enable a party to bring a valid suit.
 
 See
 
 Cause of Action,
 
 Black's Law Dictionary
 
 (10th ed. 2014) ("A group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to
 
 obtain a remedy in court from another person
 
 ." (emphasis added) ). Thus, as the majority opinion correctly explains, for a plaintiff to be on actual notice, it "must be able to plead the factual allegations necessary to withstand a motion to dismiss."
 
 Ante
 
 at 109.
 

 This rule is consistent with the approach taken by our sister circuits.
 
 See, e.g.
 
 ,
 
 Jay E. Hayden Found. v. First Neighbor Bank, N.A.
 
 ,
 
 610 F.3d 382
 
 , 385 (7th Cir. 2010) ("A defendant who prevents a plaintiff from obtaining information that he needs
 
 in order to be able to file a complaint that will withstand dismissal
 
 is forbidden ... to plead the statute of limitations for the period in which the inquiry was thwarted." (emphasis added) );
 
 Conmar Corp. v. Mitsui & Co.
 
 ,
 
 858 F.2d 499
 
 , 504 (9th Cir. 1988) (holding that actual notice requires "knowledge [that] would ... justify the filing of a complaint");
 
 Hobson v. Wilson
 
 ,
 
 737 F.2d 1
 
 , 35 (D.C. Cir. 1984) (holding that actual notice requires "awareness of sufficient facts to identify a particular cause of action" and "to file suit"),
 
 overruled in part on other grounds by
 

 Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit
 
 ,
 
 507 U.S. 163
 
 ,
 
 113 S.Ct. 1160
 
 ,
 
 122 L.Ed.2d 517
 
 (1993).
 

 And this long-standing and widely embraced rule-that a plaintiff is on actual notice
 
 only
 
 when it is aware of sufficient facts to state a claim that withstands a motion to dismiss-balances the interests served by the fraudulent concealment doctrine: obliging plaintiffs to file suit in a timely fashion once they are aware, or should be aware, of facts sufficient to state a claim that can withstand a motion to dismiss, while preventing wrongdoers from avoiding liability by concealing their wrongdoing.
 
 See
 

 Marlinton
 
 ,
 
 71 F.3d at 122
 
 ("The purpose of the fraudulent concealment tolling doctrine is to prevent a defendant from concealing a fraud, or ... committing a fraud in a manner that concealed itself until the defendant could plead the statute of limitations to protect it." (internal quotation marks omitted) ). To that end, any rule that would treat a plaintiff as being on actual notice under a standard more favorable to defendants-in situations when the plaintiff lacks knowledges of sufficient facts to state a claim that would withstand dismissal-would wrongly "creat[e] the anomalous situation of
 
 requiring persons to file suit on a hunch
 
 , only to be dismissed for failure to state a claim."
 
 Hobson
 
 ,
 
 737 F.2d at 39
 
 (emphasis added). As the majority opinion correctly states, "[m]ere 'hints, suspicions, hunches or rumors' are not enough to put a plaintiff on actual notice."
 
 Ante
 
 at 109 (quoting
 
 Hobson
 
 ,
 
 737 F.2d at
 
 35 ). Accordingly, a plaintiff is on actual notice when it knows of "enough factual information from which [it] could plead [its] cause of action for Rule 12(b)(6) purposes."
 

 Id.
 

 at 112
 
 .
 

 Applying that standard, I agree with the majority opinion that, as of June 2002, SawStop was aware of sufficient facts to state an antitrust conspiracy claim that would withstand dismissal, and therefore was on actual notice.