[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10436

_____

D.C. Docket No. 1:16-cv-00008-CAP

DEVON W.  BROWN,

Plaintiff-Appellee,

versus

CITY OF ATLANTA, Georgia,
BRYANT BURNS, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 25, 2019)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

This case comes to us on interlocutory appeal from the district court's grant of summary judgment against Individual Defendants, denying their claims of qualified immunity.  The Individual Defendants are several law enforcement officers employed by the City of Atlanta, an employee of the City Buildings Department, and two employees of the City Solicitor's Office (herein sometimes referred to as "Officers").  Plaintiff Brown rented property located in a commercial district of the City at which he operated a private club for his motorcycle club.  In the early morning hours of February 8, 2014, the Individual Defendants gathered to execute a search warrant at a different nightclub.   That club was closed, so the Officers decided to conduct checks for compliance with City Ordinance provisions regarding hours of operation.  It was around 4:00 a.m., so alcohol establishments were required to be closed at that time.  The Officers approached Plaintiff's club, and after observing the circumstances described below, entered the establishment and arrested the Plaintiff (who identified himself as the proprietor and president of the club) after he could not produce either a business license or an alcohol license. Plaintiff sued the Individual Defendants and the City of Atlanta pursuant to 42 U.S.C. §1983, claiming primarily that the Officers' entry into his club violated his Fourth Amendment right to be free from warrantless entry.  The Officers defended that the warrantless search was justified pursuant to the administrative inspection exception to the warrant requirement, and that in any event, they were entitled to

2

qualified immunity because there was no clearly established law making it apparent to reasonable officers that the administrative inspection exception did not apply in the instant circumstances. The City also argued that the search of Plaintiff's club was not due to an unlawful City custom or policy; but rather was a lawful search pursuant to the City Ordinances providing for inspection to verify compliance with licensing requirements.

The district court permitted discovery and then granted summary judgment in favor of Plaintiff, holding that the City Ordinances providing for compliance inspections were not applicable, that therefore the administrative inspection exception to the warrant requirement was not applicable, and moreover that the Individual Defendants were not entitled to qualified immunity because the law was clearly established that a warrantless search violated the Fourth Amendment unless some exception to the warrant requirement applied. The district court also granted summary judgment against the City. Both the Individual Defendants and the City now appeal.

First, in the posture of this appeal – an interlocutory appeal based on the district court's denial of qualified immunity to the Individual Defendants – we address whether we should exercise pendent appellate jurisdiction over the City's

3

appeal.[1]  Following Jones v. Fransen, 857 F.3d 843, 850 (11th Cir. 2017), we decline to exercise pendent appellate jurisdiction over the City's appeal as it does not raise inextricably intertwined issues.  The City's appeal is thus dismissed for lack of jurisdiction.

Turning to the appeal of the Individual Defendants, we disagree with the district court and conclude that the Individual Defendants are entitled to qualified immunity.  With respect to the Officers' initial entry into the club, we conclude that the law is not clearly established that the administrative inspection exception to the warrant requirement would not be applicable under the circumstances with which the Officers were faced.  The Officers knew that the club was located in a commercial area of the City near a number of alcohol-licensed establishments.  As the Officers approached, they noticed a number of cars parked outside Plaintiff's club and loud music coming from inside, which at that time of the night (about 4:00 a.m.) reasonably suggested that a nightclub was being operated at the premises.  The fact that windows were blackened also reasonably suggested that the nightclub might include adult entertainment.  The fact that signs were posted – "no trespassing," "keep out," and "private club" – does not render the Officers'

---

[1]    The City appeals the district court's order to the extent it found the City liable for violating Plaintiff's Fourth Amendment rights and left damages to be determined by the jury at trial.  This is not a final judgment and thus is not immediately appealable.  See Freeman v. Califano, 574 F.2d 264, 268 (5th Cir. 1978); Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

beliefs regarding the applicability of the administrative search exception unreasonable. No binding case holds that such signs preclude application of the administrative inspection exception when other circumstances reasonably suggest that a business subject to licensing is operating within; indeed, cases suggest otherwise, and common sense suggests that a nightclub offering adult entertainment might well display such signs. Moreover, some "private clubs" are expressly subject to alcohol licensing and compliance inspection provisions of the City Ordinances. The fact that the Officers entered the club through the unlocked front door, and the fact that no bouncer or other person was at the door to refuse entrance to non-members, undermined Plaintiff's suggestion that the Officers should have realized from the "private club" sign that the club was a small, private club with a well-enforced policy of allowing entrance only to members. Thus, it reasonably appeared to the Officers that the business inside was probably a nightclub which would have or should have appropriate licenses and that it was then in operation at the time and "open for business." See Atlanta Code of Ordinances § 10-32.

5

For the foregoing reasons,[2] we conclude that the Officers are entitled to qualified immunity with respect to their initial entry into the club premises.  We turn briefly to subsidiary arguments of the Plaintiff on appeal.

We also reject Plaintiff's argument that the scope of the Officers' search of the club exceeded the scope of a search pursuant to the administrative inspection exception.  With respect to such claim, the Officers would also have qualified immunity regarding their movement of chairs, looking behind counters, and looking into refrigerators as no clearly established precedent indicates that such searches exceed the scope of the administrative search exception.

With respect to Plaintiff's claim of unlawful arrest, what the Officers saw in plain view upon their entrance into the Club provided ample arguable probable cause to arrest Plaintiff.  Therefore, the Individual Defendants also are entitled to qualified immunity with respect to that claim.

For the foregoing reasons, the City's appeal is DISMISSED for lack of appellate jurisdiction, the judgment of the district court denying qualified

---

[2]    We reject Plaintiff's suggestion that the Superior Court order – stating that Plaintiff's operation is neither a "business" subject to the compliance inspections of City Ordinance § 30-76 nor a "private club" under City Ordinance § 10-1 so as to be subject to inspections for licensing compliance under § 10-32 – operates as collateral estoppel on issues crucial to this case.  We doubt collateral estoppel would apply because the City did not appear in the Superior Court and thus the issues there were probably not actually litigated.  See Cmty. State Bank v. Strong, 651 F.3d 1241, 1264–68 (11th Cir. 2011).  Moreover, the issues of what the Officers knew before they entered and whether binding case law clearly established that the administrative inspection exception was not applicable under such circumstances – the crucial issues in this appeal – were not addressed at all by the Superior Court.

immunity to the Individual Defendants is VACATED, and the case is

REMANDED for further proceedings not inconsistent with this opinion.

JORDAN, Circuit Judge, concurring:

Although this is a close case due to our precedent, I join the majority's opinion granting qualified immunity to the individual officers. The district court found that the plaintiffs' club was not subject to any licensing regime, but given the facts of this case the officers could have reasonably believed that it was. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (holding that an officer is entitled to qualified immunity if "a reasonable officer could have believed" that the search was lawful "in light of clearly established law and the information the searching officers possessed").

But I write separately to note that today's ruling does not apply to the City of Atlanta, and does not affect the district court's holding that the officers committed a constitutional violation based on a City custom or policy. "[U]nlike various government officials, municipalities do not enjoy immunity from suit—either absolute or qualified—under [42 U.S.C.] § 1983." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993).

8