# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2364

_____

Nathan Rinne

*Plaintiff - Appellee*

v.

Camden County; Camden County Commission

*Defendant*s

Greg Hasty, In His Personal Capacity

*Defendant - Appellant*

Donald Buell Williams, Jr., In His Personal Capacity

*Defendant*

_____

No. 24-2365

_____

Nathan Rinne

*Plaintiff - Appellee*

v.

Camden County; Camden County Commission

*Defendants - Appellants*

Greg Hasty, In His Personal Capacity

*Defendant*

Donald Buell Williams, Jr., In His Personal Capacity

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

———————

Submitted: April 14, 2025
Filed: June 9, 2025

———————

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.

———————

SHEPHERD, Circuit Judge.

Nathan Rinne sued Camden County and two of its commissioners, Greg Hasty and Donald Williams, Jr., for violating his First and Fourteenth Amendment rights after Hasty and Williams voted to ban Rinne from all County property for one year. Defendants moved for, in relevant part, summary judgment on the defenses of qualified and legislative immunity and on the merits of the issue of punitive damages, and the district court[1] denied the motions in full. Defendants now appeal. We have jurisdiction to review the denial of legislative immunity under 28 U.S.C. § 1292 but lack jurisdiction to consider Defendants' qualified immunity defense and the issue of punitive damages. We affirm the denial of legislative immunity and dismiss the remainder of the appeal for lack of jurisdiction.

———

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

# I.

"The 'first and fundamental question' in an appeal from a denial of qualified immunity is that of jurisdiction." Thompson v. Murray, 800 F.3d 979, 982 (8th Cir. 2015) (citation omitted). "In conducting an interlocutory review on an order denying qualified immunity, our jurisdiction is limited to the purely legal question of whether the conduct that the district court found was adequately supported in the record violated a clearly established federal right." Taylor v. St. Louis Cmty. Coll., 2 F.4th 1124, 1126-27 (8th Cir. 2021). Thus, this Court "cannot review whether a factual dispute is genuine," or "which facts a party may, or may not, be able to prove at trial," "if at the heart of the argument is a dispute of fact." Id. at 1127 (citations omitted). Here, the Commissioners argue that Rinne's conduct "went beyond . . . expressing his opinions," and that, because other county employees "felt threatened and harassed" by Rinne, the ban was justified. There are factual disputes as to these issues, and "[i]n order for us to reach [the Commissioners'] 'legal argument' that [they] . . . did not violate clearly established law, we would have to exceed our jurisdiction . . . and resolve genuine factual disputes against [Rinne]." See id. "This we cannot do." Id.; see also Riggs v. Gibbs, 923 F.3d 518, 524 (8th Cir. 2019) (dismissing appeal of denial of qualified immunity because material disputes of fact were at the heart of the officers' appeal).

Likewise, we lack jurisdiction to consider the denial of summary judgment on the issue of punitive damages as to the Commissioners. "A denial of summary judgment is not a final order and is not appealable." Reich v. ConAgra, Inc., 987 F.2d 1357, 1362 n.6 (8th Cir. 1993) (citation omitted). The Commissioners argue that this Court may exercise pendent jurisdiction over the punitive damages claim because it is "'inextricably intertwined' with the appealable decision" of qualified immunity. See Kincade v. City of Blue Springs, 64 F.3d 389, 394 (8th Cir. 1995) (citation omitted). But, because we lack jurisdiction to consider the qualified immunity question, there cannot be pendent jurisdiction over the punitive damages claim. We therefore dismiss the appeal pertaining to the Commissioners' claims of qualified immunity and the issue of punitive damages.

II.

Finally, the Commissioners appeal the denial of summary judgment on the issue of absolute legislative immunity.[2]   "[W]e have limited authority under the collateral order doctrine to review the denial of a motion for summary judgment to the extent the motion is based on the right to absolute . . . immunity . . . ." Leapheart v. Williamson, 705 F.3d 310, 313 (8th Cir. 2013) (alterations in original) (citation omitted).   Further, "[w]e review a district court's decision regarding legislative immunity de novo." Id.   The Commissioners argue that the district court erred because their decision to ban Rinne from all County property was inherently legislative, not administrative, entitling them to absolute immunity.

"[L]ocal legislators are . . . absolutely immune from suit under § 1983 for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998).   "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." Id. at 54.   At bottom, whether an action is, "in law and fact, an exercise of legislative power depends not on [its] form but upon 'whether [it] contain[s] matter which is properly to be regarded as legislative in its character and effect.'" INS v. Chadha, 462 U.S. 919, 952 (1983) (citation omitted).   The Tenth Circuit has considered facts similar to this case, analyzing whether a board of county commissioners was immune from suit for voting to ban an individual "from all future Commission meetings" and prohibiting him "from speaking at or participating in meetings." Kamplain v. Curry Cnty. Bd. of Comm'rs, 159 F.3d 1248, 1252 (10th Cir. 1998).   The court determined that this vote and ban "were administrative acts"

---

[2]To the extent the County challenges the denial of legislative immunity, it is well settled that municipalities "do not enjoy immunity from suit—either absolute or qualified—under § 1983." Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit, 507 U.S. 163, 166 (1993).   Because the County argued below, and the district court *agreed*, that it was a municipality, the County may not now, "because [its] interests have changed, assume a contrary position." See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citation omitted).   The County is judicially estopped from arguing it is not a municipality and is therefore ineligible for absolute immunity.

insufficient to confer immunity because the commissioners vote "did not concern the enactment or promulgation of public policy." Id. Rather, the "decisions to ban [the p]laintiff were simply efforts to monitor and *discipline* his presence and conduct at future Commission meetings." Id. (emphasis added).

Here, the district court properly relied on the sound reasoning of Kamplain and found that, as a matter of law, the Commissioners were not entitled to legislative immunity. Viewed in the light most favorable to Rinne as the nonmovant on summary judgment, see K.C. v. Mayo, 983 F.3d 365, 368 (8th Cir. 2020), the record shows that the Commissioners voted to ban Rinne from county property for a year, an act that is administrative, not legislative, in nature. See Kamplain, 159 F.3d at 1252. Accordingly, the district court did not err in denying summary judgment to Hasty and Williams based on legislative immunity.

## III.

For the foregoing reasons, we affirm the denial of legislative immunity, and the rest of this appeal is dismissed for lack of jurisdiction.

_____