**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2858
_____

LIVIA M. SCOTTO

v.

WELLS FARGO & CO;
UNITED STATES DEPARTMENT OF EDUCATION,
doing business as STUDENT AID GOV.;
AGENCY COUNSEL OF RECORD, FILED HERETOFORE,
WITH SUMMONS SUBPOENA; U.S. TREASURY SERVICES;
WYNDAM; ARR; BARCLAYS BANK PLC; BARCLAYS DE;
CITIBANK, N.A.; SMITH GAMBRELL RUSSELL INT; ECMC;
ZIONS BANK; UNION BANK TRUST; ASAP BANK; NELNET;
WILLIAM MUNN MICHAEL; DUNLAP; UNIVERSITY OF HAWAII;
MAUI COMMUNITY COLLEGE; JOHATHAN BEATTY TRUST;
AON MEN RA II RE; BERMUDA; VIRGIN IS; CAYMAN; MIAMI, FL;
STATE FARM FLORIDA INSURANCE CO.;
WINTER HAVEN FLORIDA; I. AON NORTH AMERICA; CONYER;
STATE FARM INSURANCE COMPANIES HAWAII; AON;
TOKIO MARINE INSURANCE GROUP;
PENTAGON FEDERAL CREDIT UNION; NCUA; BANK OF HAWAII;
CREDIT SUISSE; BARCLAYS DE;
COUNTY OF MAUI CORPORATION COUNSEL,
AND ALL OTHER ADDITIONAL DEFENDANTS FILED THEREFORE
AND COUNSEL OF RECORD
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-03117)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2026

Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: May 14, 2026)

_____

OPINION[*]

_____

PER CURIAM

Pro se Appellant Livia M. Scotto appeals from the dismissal of her civil complaint with prejudice. For the reasons set forth below, we will affirm the District Court's judgment.

In June 2025, Scotto filed a complaint alleging "fraudulent and deceptive corporate agency," "Quasi contract fraud, illegality collections, fraud, duress [and] Liability cul[p]ability." It named more than 25 defendants including Citibank, the United States Department of Education, and Tokio Marine Insurance Group. The District Court granted Scotto's motion to proceed in forma pauperis (IFP), screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it for failing to comply with the pleading requirements of Federal Rule of Civil Procedure 8. The dismissal was without prejudice and with leave to amend to properly identify all defendants and state the basis for her claims against each of them.

Scotto filed an amended complaint, as well as a motion to recuse the District Court judge and an emergency motion for the appointment of counsel. The District Court

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

denied the motions, noting that they "d[id] not contain a parsable statement of facts and legal authorities." ECF No. 13 at 1 n.1. In her amended complaint, Scotto named the following defendants in the caption: Wells Fargo, Wells Fargo Active Cash Visa Signature Card, Maimonides Medical Center, Wells Fargo Cash Back Visa Signature Card, Barclays, Ally, Visa, State Farm Insurance Co., and the Mars Corporation. Also, within the amended complaint, she named as defendants numerous other businesses and individuals. Scotto claimed diversity and federal question jurisdiction, but listed non-existent federal statutes as the basis for the latter.

Scotto alleged that there were "various illegal electronic funds transfers [and] cash advances on cards, accounts," and that, sometime between 2012 and 2015, "without our knowledge accounts were used with cloned cards." ECF No. 9 at 4. She listed a series of illegal transactions: "bank fraud unauthorized charges," "credit card accounts opened by Bank employees," "identity theft," "data breach," "denial of wire transfers," "loans diverted," and "denial of investigatory fraud in unauthorized use of service accounts." *Id.* Scotto alleged that there was a "denial of credit charge back on sixteen different Visa signature cards," an "EU grant loan diverted over $670,970," and the "denial of bank funds to beneficiary [account] with trustee account embezzled by bank employees." *Id.* She sought relief for "economic harms" and "assault." *Id.* at 5.

By order entered September 8, 2025, the District Court dismissed the amended complaint with prejudice for failing to comply with Rule 8. It concluded that Scotto's allegations in the amended complaint were "incomprehensible," and that "[n]o defendant could reasonably be expected to respond to her allegations because they are confused,

3

ambiguous, vague, or otherwise unintelligible allegations." ECF No. 14 at 1, 5. Scotto timely appealed from that order.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to comply with Rule 8 for abuse of discretion. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). To survive dismissal, the complaint "must not be so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (quoting marks and citation omitted).

Scotto's complaint, even when liberally construed, fails to comply with Rule 8. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (recognizing that "a court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training"). "Rule 8 imposes minimal burdens on the plaintiff at the pleading stage," requiring only "a short and plain statement of the claim[s]" and the grounds for jurisdiction. *Id.* (internal quotation marks and citation omitted). Its purpose is to ensure that pleadings include the requisite who, what, and why, that is, to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993) (citation omitted).

As to the "who," the pleadings must "identif[y] discrete defendants." *Garrett*, 938 F.3d at 93 (citation omitted). Although Scotto named various defendants, she did not allege which of those defendants are responsible for the alleged harm; in other words, she did not allege *who* did what. And as for the *what*, Scotto largely named a list of allegedly

4

illegal transactions, but did not assert any facts to support a cause of action. She alleged in a conclusory fashion that "our" bank accounts were "used with cloned cards," and that there were "illegal electronic funds transfers"; however, she did not tie those transactions to a specific defendant. As the District Court concluded, the complaint was too vague to reasonably expect the defendants to respond.

Thus, because the complaint did not pass Rule 8 muster, the District Court did not abuse its discretion in dismissing it. And because the District Court gave Scotto leave to amend the initial complaint while identifying the initial complaint's deficiencies, and Scotto responded by filing an entirely new complaint that named different defendants and was equally as deficient as the first, dismissal with prejudice was proper. *See Jones v. Unknown D.O.C. Bus Driver and Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (affirming dismissal with prejudice where the plaintiff had "already had two chances to tell his story").

Based on the foregoing, we will affirm the District Court's judgment.[1]

---

[1] Scotto's pending motions are denied.